## 173.　BIRT v. THE STATE.

HILL, C. J. 1. An indictment which charges that the accused was intrusted with "a ring of the value of $80," for the purpose of pawning said ring for the owner and bringing the money to him, and "fraudulently converted the said ring to his own use," is a good indictment, under the Penal Code, § 194. Such indictment need not allege that any demand was made for the ring or the proceeds thereof. Under the section of the Penal Code, supra, there are three essential elements of the crime of larceny after trust, to wit: the bailment, the purpose of the bailment, and the fraudulent conversion. The crime is complete when the fraudulent conversion takes place. *Keys* v. *State,* 112 *Ga.* 392; *Alderman* v. *State,* 57 *Ga.* 367.

2. On the trial of the accused under said indictment, a request to the court to instruct the jury that "a verdict against the defendant would not be authorized, unless the evidence showed that a demand was made on the defendant for the proceeds of the ring before the commencement of the prosecution," was properly refused. See *Keys* v. *State,* 112 *Ga.* 392, where sections 191, 192, and 194 of the Penal Code, defining different classes of larceny after trust delegated, are fully discussed and distinguished.

3. The evidence in the case fully warranted the verdict, and the judgment of the court, refusing to grant a new trial, was right.

*Judgment affirmed.*

Indictment for larceny after trust, from Fulton superior court— Judge Roan. December 1, 1906.

Submitted January 28,—Decided February 5, 1907.

*S. C. Crane,* for plaintiff in error.

*C. D. Hill, solicitor-general,* contra.