## 591.  GOODMAN v. THE STATE.

1. In a prosecution for larceny after trust, based on the Penal Code, § 194, it is not necessary to allege or prove that any demand was made for the property alleged to have been fraudulently converted before the indictment was found. Under this section, it is only necessary to allege and prove the bailment, the purpose of the trust, and the fraudulent conversion.

2. No error of law was committed, and the evidence fully warranted the verdict.

Indictment for larceny after trust, from Chatham superior court —Judge Cann. May 8, 1907.

Submitted July 18,—Decided August 8, 1907.

Robert L. Colding, Raiford Falligant, for plaintiff in error.

W. W. Osborne, solicitor-general, contra.

HILL, C. J. The plaintiff in error was convicted of the offense of larceny after trust. The indictment was based on Penal Code, § 194, and charges that the defendant, "having been entrusted by one Louisa W. Brinkman as administratrix of the estate of C. J. Brinkman, deceased, with certain money, to wit, the sum of $310.97 of the value of $310.97, the property of said administratrix, for the purpose of applying the same for the use and benefit of said owner by safely keeping the same and delivering the same over to said owner, did then and there fraudulently convert same to his own use." Other counts in the indictment charge the fraudulent conversion of separate sums of the aggregate amount embraced in the first count. The evidence clearly and fully sustained the allegations of the indictment. The bailment and the purpose of the trust were not denied. The plaintiff in error relied upon two grounds of defense: (1) That no legal demand was made upon him for the money. (2) That the money was entrusted by the prosecutor to the Commercial Collecting Agency, a corporation for whom he was acting in receiving it; and that if any larceny was committed, it was from said corporation.

1. This indictment was properly based upon section 194 of the Penal Code. It does not allege that any demand was made, and, for a violation of this section, no demand is necessary. The offense is complete when the bailment and the fraudulent conversion are shown. Birt v. State, 1 Ga. App. 150, 57 S. E. 965; Keys v. State, 112 Ga. 392, 37 S. E. 762, 81 Am. St. R. 63. The charge of the

court that a demand was necessary was more favorable to the defendant than he was entitled to under the statute. Even if a demand as a condition precedent to prosecution was required to be proved, the evidence clearly showed that it was repeatedly made.

2. The undisputed evidence showed that the defendant was carrying on a collection agency. He operated it under the name of the "Commercial Collection Agency." The entire business of the "Agency" was conducted by the defendant and his stenographer. While the receipts for the money were signed by the defendant and his stenographer in the name of the "Com. Col. Agency," the money was all paid to the defendant. There was no proof of any such corporation, nor does the name import corporate existence. Under the evidence, the jury were warranted in the conclusion that there was no such corporation, but that the defendant was in fact operating as an individual under the term "Agency" for some occult purpose. He was entrusted with the money as an individual, he received every dollar of it into his personal possession, and he converted every dollar of it to his own use. It would be a failure of justice to allow him to escape responsibility for his individual fraudulent conversion because he perpetrated his criminal fraud in the name of a mythical corporation. The court properly excluded the oral statement of the stenographer that the "Commercial Collection Agency" was a corporation.

*Judgment affirmed.*