## 3305. NORFLEET *v.* THE STATE.

Where, under section 192 or section 194 of the Penal Code of 1910, it is sought to charge a violation of a trust, in that the accused failed to apply the property to the use or benefit of one other than the person delivering it, the indictment should allege ownership of the property.

DECIDED OCTOBER 23, 1911.

Indictment for larceny after trust; from Warren superior court —Judge Walker. February 23, 1911.

*L. D. McGregor, E. P. Davis,* for plaintiff in error.

*Thomas J. Brown, solicitor-general,* contra.

RUSSELL, J. Norfleet was indicted for larceny after trust, the indictment being in two counts. The jury found him guilty on the first count, and he was sentenced to three years' imprisonment. The bill of exceptions complains of the overruling of a demurrer to the indictment, and also of the court's refusal to grant the motion for a new trial, filed by the defendant in the court below. Inasmuch as we have concluded that the court erred in overruling the demurrer to the indictment, it is unnecessary to consider any other assignment of error.

The material part of the first count of the indictment is as follows: "In the name and behalf of the citizens of Georgia, charge and accuse John R. Norfleet with the offense of larceny after trust, for that the said John R. Norfleet, on the 20th day of October,

1908, in the county aforesaid, was intrusted with thirty-five dollars in money, of the value of thirty-five dollars, by T. T. Thomas, for the use and benefit of Laborers' Mercantile & Investment Co., a corporation of said State, and for the purpose of having the said John R. Norfleet to deliver and pay said sum of thirty-five dollars to said Laborers' Mercantile & Investment Co.; and said John R. Norfleet did, on the day and year aforesaid, in the county aforesaid, fraudulently convert the said thirty-five dollars to his own use, to the injury and without the consent of said T. T. Thomas, and to the injury and without the consent of said Laborers' Mercantile & Investment Co., and without paying to either said T. T. Thomas or said Laborers' Mercantile & Investment Co. the said thirty-five dollars, or any part thereof." The defendant demurred to the indictment, because the ownership of the money alleged to have been converted was not set forth. We think this demurrer well taken. It is necessary that the indictment should aver every material fact necessary to make the crime complete.

An examination of the definitions of the various classes of embezzlements and larcenies after trust, as contained in the Penal Code of 1910, discloses that the indictment fails to charge all the elements necessary to make a complete crime under any of them. It may not be necessary in every case to allege ownership of the goods claimed to have been fraudulently converted by the defendant. In fact, under section 189, one who wrongfully converts goods intrusted to him by a mere bailor thereof violates the law, provided he fails, on demand, to make proper restitution. But it is evident that the pleader was not proceeding under this section, for the reason, among others, that no demand is alleged. If the indictment can stand at all, it must be under section 192 or section 194. An examination of these sections, however, shows that one of the necessary elements of the crimes therein defined is that the property shall have been delivered to the accused on trust, to be applied to the use and benefit either of the owner or of the person delivering it.

The indictment in the present case expressly negatives the idea that the property was to be applied to the use and benefit of Thomas, the person delivering it; for the allegation is that it was to be applied to the use and benefit of the Laborers' Mercantile & Investment Company. But nowhere is it alleged that that com-

pany was the owner of the money. Under the sections named, where the violation of the trust is the failure to apply the property to the use and benefit of one other than the person delivering it, the indictment must allege that the other is the owner of the property; otherwise it is fatally defective. Penal Code (1910), § 192; *Keys* v. *State*, 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. Rep. 63); *Smith* v. *State*, 121 *Ga.* 618 (49 S. E. 677); *Jackson* v. *State*, 76 *Ga.* 551; *Hagood* v. *State*, 5 *Ga. App.* 80 (62 S. E. 641); *Birt* v. *State*, 1 *Ga. App.* 150 (57 S. E. 965).　　　　*Judgment reversed.*