## 4055.   HAMILTON *v.* THE STATE.

1. The act of 1910 (Acts 1910, p. 60) makes the offense of larceny after trust, as defined by § 194 of the Penal Code of 1895 (Penal Code of 1910, § 192), a misdemeanor, where the money or other property intrusted and fraudulently converted does not exceed $50 in value.   Therefore an indictment is not required for this offense, where the money or

property intrusted and fraudulently converted does not exceed $50 in value, but the offender may be prosecuted under an accusation filed in a city court.

2. In the accusation the bailment, the purpose of the bailment, and the fraudulent conversion were properly laid; and there was no error in overruling the motion in arrest of judgment.

DECIDED APRIL 2, 1912.

Accusation of misdemeanor; from city court of Tifton—Judge R. Eve. February 17, 1912.

*Fulwood & Skeen,* for plaintiff in error.

*J. H. Price, solicitor,* contra.

HILL, C. J. The plaintiff in error was convicted on an accusation in the city court of Tifton, charging him with the offense of larceny after trust. He filed a demurrer to the accusation, on the ground that he could not lawfully be prosecuted for the offense of larceny after trust on an accusation, and that for that offense an indictment by a grand jury was necessary. The court overruled the demurrer, and the accused excepted. A motion in arrest of judgment was made, on the ground that the accusation was fatally defective, in that "it fails to allege that the money or property to be applied to the use and benefit of John W. Poole was the money or property of the said John W. Poole, or that the said John W. Poole was the owner thereof." The motion was overruled, and to this ruling also the accused excepted.

1. The accusation was based upon § 194 of the Penal Code of 1895, as amended by the act of August 12, 1910 (Acts 1910, p. 60), which makes the offense of larceny after trust as provided for in this section a misdemeanor, where the money or other property intrusted to the accused and fraudulently converted does not exceed $50 in value. This amendment is not codified in the Penal Code of 1910. See Penal Code (1910), § 192. The accusation charges that the property intrusted to the accused for the purpose stated therein, and which was fraudulently converted by him, was seventy-five cents in money. The offense, therefore, was clearly a misdemeanor, under the amendment above referred to, and no indictment was necessary.

2. The accusation charges (omitting formal parts), that, "after having been intrusted by T. D. Smith with a certain sum of money, to wit, seventy-five cents in money of the value of seventy-five cents, for the purpose of paying a certain board bill to John W.

Poole, due by him, the said T. D. Smith, to the said Poole, and for the purpose of applying the said sum of money as aforesaid in that way, for the use and benefit of him, the said T. D. Smith, the owner of said money as aforesaid, he, the said C. L. Hamilton, did wrongfully and fraudulently convert said sum of money as aforesaid to his own use."

It will be seen, from these allegations, that the property was intrusted to the accused not by Poole, but' by T. D. Smith; that Smith, and not Poole, was the owner of the property, and that it was to be applied to the use and benefit of Smith. The violation of the trust was the failure of the accused to apply the property to the use and benefit of Smith, the owner, and not the failure to apply it to the use and benefit of Poole. Under these allegations, not only was the ownership of the property in Smith, but the relationship of trust was created by the bailment between Smith and the accused, and not between Poole and the accused. The allegations of the accusation are in strict conformity with the ruling of this court in *Norfleet* v. *State,* 9 *Ga. App.* 853; and the motion in arrest of judgment was entirely without merit. See also *Birt* v. *State,* 1 *Ga. App.* 150, and *Keys* v. *State,* 112 *Ga.* 392.

*Judgment· affirmed.*