### 6140. BOWEN v. THE STATE.

1. In a prosecution for larceny after trust, based on section 192 of the Penal Code, it is only necessary to allege and prove the bailment, the purpose of the trust, and the fraudulent conversion.
2. Evidence from which the jury is authorized to infer that the accused was intrusted with money in a particular county, and that he fraudulently converted it to his own use thereafter, is enough to warrant a finding that the conversion took place in that county, when there is no evidence showing that he ever left the county, or tending to establish the fact that the conversion was made beyond its limits.
3. Where the court in a criminal case fully and properly instructs the jury as to the doctrine of reasonable doubt, it is not necessary that an instruction as to reasonable doubt be repeated in connection with the instructions as to each element constituting the offense, or in connection with each theory of the State or of the accused, or in connection with each salient fact in evidence.
4. The court did not err in confining the jury to the consideration of the precise issues in the case on trial, and in excluding from their consideration all matters in evidence and all argument of counsel not bearing upon the actual issues in the case.
5. The evidence was sufficient to warrant the verdict, and the court did not err in refusing a new trial.
   DECIDED MARCH 30, 1915. REHEARING DENIED APRIL 12, 1915.

Indictment for larceny after trust; from Fulton superior court— Judge B. H. Hill. October 24, 1914.

*Albert Kemper,* for plaintiff in error.
*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.

WADE, J. T. L. Bowen was tried under an indictment charging him with a violation of section 192 of the Penal Code of 1910, for that he, on the 26th day of June, 1914, "having been intrusted by Robert L. Edmondson with one hundred and fifty dollars in money, of the value of one hundred and fifty dollars and the property of said Robert L. Edmondson, for the purpose of applying said sum of money for the use and benefit of said owner and person so intrust-

ing the same, did, after having.been so intrusted, wrongfully, fraudulently and feloniously convert said sum of money to his, the said T. L. Bowen's own use, contrary to the laws of said State," etc. The jury found the defendant guilty, and he made a motion for a new trial, and excepts to the order overruling the motion.

R. L. Edmondson testified as follows: "I let T. L. Bowen, the defendant, have some money in May and June, 1911, in the county of Fulton, State of Georgia, for the purpose of investing in real estate for me, and he never made the investment that I know of, and I never got the money back. I have demanded the money from him, but he has failed to return me the money I gave him or to invest it in real estate for me." It further appears from the testimony of Edmondson, taken in connection with certain documents introduced in evidence, that Edmondson paid over to the defendant, to be applied to the purchase of a lot in the city of Atlanta, known as 32 Brown street, from Dr. Thomas P. Hinman, the sum of $150, and also executed a number of promissory notes payable to the order of Dr. Hinman, which notes were due monthly, and set forth that they were given as part of the purchase-price for 32 Brown street; that the defendant represented that this property belonged to Dr. Hinman, and was intrusted with the money by Edmondson for the purpose of applying the same to the use and benefit of Edmondson; that Edmondson was never put in possession of the house and lot, and also never received anything whatever in return for his money, and never received his money back from the defendant. Dr. Hinman testified, that the defendant had no authority to receive money from R. L. Edmondson for the sale of any property of his on Brown street or elsewhere in the city of Atlanta; that he owned property on that street and knew the defendant, who had sold some property for him where the transactions were finally wound up by his attorney, but that Bowen had no authority to receive or receipt for money on any trade for him whatever; that he had not received $150 from Bowen for Edmondson, nor had he received any part of that sum.

There was other testimony, covering the details of the transaction between Bowen and Edmondson concerning lot 32 on Brown street, and tending to show various negotiations between the parties concerning other property, and the defendant in his statement denied having received anything from Edmondson except $25, which,

under the testimony of Edmondson, was in addition to the $150 he claimed to have delivered to Bowen to be paid to Dr. Hinman.

1. It is contended that the verdict of guilty was not authorized, because the State failed to prove the corpus delicti, in that the evidence did not disclose that the defendant was intrusted by Edmondson with any money to be applied to Edmondson's use and benefit, or that, after having been intrusted with the amount named in the indictment, he did not apply the money to Edmondson's use and benefit, but wrongfully and fraudulently converted it to his own use. The testimony of Edmondson is to the effect that he intrusted the defendant with the sum of $150, the amount named in the indictment, to be applied to his (Edmondson's) use and benefit in the purchase of certain real estate, and that the defendant never made the investment and Edmondson never received his money back, though he had made demand therefor. There is no testimony to show that the defendant invested the $150 in the purchase of any property whatsoever for Edmondson, nor did he, in his statement at the trial, even claim that he made or sought to make a purchase of property on Brown street from Dr. Hinman for Edmondson, or a purchase of any other property for Edmondson. The testimony is clear that Edmondson demanded the return of his money, and that the defendant failed to comply with this demand. Demand and refusal were sufficient evidence of conversion, and the evidence of Edmondson, which was evidently accepted by the jury, was ample to establish the corpus delicti. It has often been decided by this court and also by the Supreme Court that in a prosecution for larceny after trust, based on section 192 of the Penal Code, it is not necessary to allege or prove that any demand for the property alleged to have been fraudulently converted was made before the indictment was found, but that it is only necessary to allege and prove the bailment, the purpose of the trust, and the fraudulent conversion. If the fraudulent conversion be otherwise shown, no demand and refusal need be shown as a basis for a prosecution under this section; but where there is no other evidence of a conversion, demand and refusal, if shown, would sufficiently establish the fraudulent conversion. Edmondson testified that he delivered $150 to the defendant in addition to another sum, of $25. The defendant absolutely denied having received the $150; and since the jury accepted as true the testimony of Edmond-

son and by their verdict found that he had in fact received the $150, his own statement, at his trial, that he never received the $150 in question would be sufficient evidence of a wrongful and fraudulent conversion without other proof, since it evidenced his intention to retain that which, notwithstanding his statement, the jury must have found (under the testimony of Edmondson) he had received. See *Keys* v. *State,* 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. R. 63); *Birt* v. *State,* 1 *Ga. App.* 150 (57 S. E. 965); *Goodman* v. *State,* 2 *Ga. App.* 438 (58 S. E. 558); *Hagood* v. *State,* 5 *Ga. App.* 80, 88 (62 S. E. 641).

2. It is contended that the verdict and judgment should be set aside because the evidence for the State failed to show, beyond a reasonable doubt, that Edmondson intrusted the defendant with $150 in the county of Fulton, State of Georgia, and failed to show that the defendant converted any or all of the money wrongfully, fraudulently, and feloniously in that county. Edmondson testified that he intrusted the money to the defendant in June, 1911, in the county of Fulton, State of Georgia. There is no evidence whatever that the defendant ever left the county of Fulton; and, admitting for the sake of the argument that the venue is where the conversion of the money intrusted to the defendant took place, it is sufficient to say, that since the evidence was positive that the accused was intrusted with the money in Fulton county, Georgia, and there was evidence authorizing the finding (as we have indicated above) that the defendant thereafter fraudulently converted this money to his own use, the jury was warranted in finding that the conversion took place in Fulton county. It is said in *Keys* v. *State,* supra, that "evidence authorizing a finding that the accused was in a particular county intrusted with money, and that he thereafter fraudulently converted the same to his own use, is sufficient to warrant a finding that the conversion took place in that county, when there is no evidence showing that he ever left the county, or tending to establish the fact that the conversion was made beyond its limits." Aside from the evidence referred to in the discussion of the first assignment of error and the discussion of this assignment of error, there were various minor circumstances likewise tending to show that the conversion took place within the limits of the county of Fulton, and the venue was amply established.

3. It is objected that the court erred in failing to charge the

jury that the State must prove, beyond a reasonable doubt, that the crime alleged as having been committed by the defendant was so committed in the county of Fulton, State of Georgia. The court fully, clearly, and distinctly charged the jury on the doctrine of reasonable doubt, and added the specific instruction that if they entertained "any doubt about any essential element in the case," they should give the benefit of that doubt to the defendant and acquit him. One of the essential elements in the case was proof of the venue, and this instruction directed the jury to acquit the defendant if they entertained any doubt on this point, as well as on any other "essential" element in the case. It is not necessary for the trial judge to instruct the jury, in connection with each separate and individual element necessary to constitute a crime charged in an indictment, or in connection with each and every theory as to the guilt of the accused which may be urged by the State, or in connection with various matters in proof, that the jury must be convinced of the guilt of the accused beyond a reasonable doubt, or must believe that the particular element, theory, or fact has been established beyond a reasonable doubt, before they would be authorized to convict. It is enough for the court to clearly and distinctly instruct the jury as to the doctrine of reasonable doubt. *Vann* v. *State,* 83 *Ga.* 44 (9 S. E. 945) ; *Carr* v. *State,* 84 *Ga.* 250 (4), 255 (10 S. E. 626) ; *Harris* v. *State,* 1 *Ga. App.* 136 (4) (57 S. E. 937) ; *Watts* v. *State,* 9 *Ga. App.* 500 (2) (71 S. E. 766).

4. The judge, in his charge to the jury, limited them to the consideration of the issue whether the defendant was intrusted by Edmondson with $150 to be applied to Edmondson's use and benefit, and after having been so intrusted did not apply this sum to the use and benefit of Edmondson, but fraudulently converted it to his own use. In this connection the court said to the jury: "These other transactions which have come in in the evidence and were discussed by counsel, the court thinks have nothing to do with the issue before you." It is complained that this instruction was erroneous, and was not sufficiently specific to inform the jury what "other transactions" were referred to, and was therefore calculated to mislead the jury; and further, that if this part of the charge referred to "other transactions" brought out by the defendant in cross-examination of the witness Edmondson, these transactions constituted a part of his defense, and the court thus de-

prived the defendant of the full benefit of that defense. There is no precise complaint in this exception that any particular "other transaction" which was a legitimate part of the defense of the accused was by this charge withdrawn from the consideration of the jury. It is true counsel says that "if" the other transactions referred to included certain transactions between Edmondson and the defendant, the court by this charge prevented the jury from taking into consideration these transactions. But considering the fact that the issues actually raised by the contentions of the parties and the evidence in the case were solely whether Edmondson intrusted the defendant with $150 to be applied to his use and benefit, and whether, after being so intrusted, the defendant failed to apply that sum to the use and benefit of Edmondson, and fraudulently converted it to his own use, the court, in eliminating from the consideration of the jury "other transactions," in immediate connection with his clear and concise statement as to the real issues to be determined by them, eliminated only such transactions discussed by counsel and testified about by the witnesses as in no way elucidated or were connected with the issues defined by him. There was much evidence which appears, from an inspection of the record, to have been entirely immaterial, but which the judge was compelled to admit when offered, since it was impossible for him to determine in advance whether or not the testimony would be entirely relevant. This testimony, altogether unrelated to the real issues in the case, and not tending to show the one thing or the other in connection with these issues, was the testimony withdrawn from the consideration of the jury by this excerpt from the charge of the court. The simplifying of issues to be passed upon by juries and the removal from their consideration of as much irrelevant matter as possible is to be commended, where, as in this instance, the application of the pruning-knife removes from the full-grown tree of evidence no live branches, but only dead limbs which uselessly weight it down. The charge of the court as a whole was full and free from error, and the evidence fully authorized the verdict.

*Judgment affirmed.*