### 6334. LEWIS *v*. THE STATE.

WADE, J. 1. The indictment was sufficiently full and specific. It was not necessary either to allege or to prove a demand, in order to sustain a conviction under section 192 of the Penal Code of 1910, as amended by the act of 1910 (Acts 1910, p. 160). *Hagood* v. *State*, 5 *Ga. App*. 80 (7), 91 (62 S. E. 641); *Goodman* v. *State*, 2 *Ga. App*. 438 (58 S. E. 558); *Birt* v. *State*, 1 *Ga. App*. 150 (57 S. E. 965); *Keys* v. *State*, 112 *Ga*. 392 (37 S. E. 762, 61 Am. St. R. 63).

(*a*) The jury were authorized to infer a fraudulent conversion, from proof of the failure and refusal of the defendant to return the money intrusted to him.

(*b*) "The gravamen of the offense of larceny after trust is the fraudulent conversion of the property of another, and therein consists the crime of larceny." *Keys* v. *State*, supra. The allegations in the indictment did not bring this case within the ruling in *Finkelstein* v. *State*, 105 *Ga*. 617 (31 S. E. 589). See *Mobley* v. *State*, 114 *Ga*. 544 (40 S. E. 728); *Basley* v. *State*, 10 *Ga. App*. 470 (73 S. E. 624); *Martin* v. *State*, 123 *Ga*. 478 (51 S. E. 334); *Walker* v. *State*, 117 *Ga*. 260 (43 S. E. 701), distinguishing *Wylie* v. *State*, 97 *Ga*. 207 (22 S. E. 954).

2. "Where, by an erroneous conception of court and counsel, a misdemeanor case is tried as if it were a felony, but the error is discovered before sentence, so that no harm in this respect results to the defendant, the error is prima facie harmless to the defendant." *Ayers* v. *State*, 3 *Ga. App*. 305 (59 S. E. 924). After a careful review, this ruling is adhered to by the court.

(*a*) The trial judge, in certifying to the ground of the motion for a new trial which complains that the defendant was tried as for a felony under an indictment charging him with a misdemeanor, said: "The question was raised as to whether the bill of indictment charged a felony or a misdemeanor and I construed the same as charging a felony, being misled by the fact that the act amended a section of the Code of 1895 instead of the Code of 1910. I suggested to counsel for defendant that the case be tried as for a misdemeanor, the State being willing, but defendant objected and demanded 48 jurors." It not only appears from this note that the error was "discovered before sentence," but it must reasonably be inferred that the error was discovered even before the jury was stricken, since the court certifies that the suggestion was made to counsel for the defendant that the case be tried as for a misdemeanor, "but defendant objected and demanded 48 jurors."

(*b*) The court imposed sentence as for a misdemeanor only. The error, therefore, was prima facie harmless to the defendant, and nothing to the contrary appears from the record.

3. It does not appear that the error complained of in the 2d ground of the amendment to the motion for a new trial, complaining of the refusal by the court to permit a witness to answer certain questions propounded, was sufficiently harmful to the defendant, under the particular facts of this case, to require the grant of a new trial.

4. Considered in connection with the entire charge of the court, the various assignments of error based on excerpts therefrom appear to be without such substantial merit as to require the grant of a new trial.

5. The accused was fairly convicted, the evidence warranted the verdict, and the trial judge did not err in overruling the motion for a new trial.　　　　　　　　*Judgment affirmed.　Russell, C. J., dissents.*

DECIDED DECEMBER 9, 1915. REHEARING DENIED FEBRUARY 24, 1916.

Indictment for larceny after trust; from Haralson superior court—Judge Price Edwards. December 30, 1914.

The indictment was as follows: "Georgia, Haralson County. The grand jurors selected, chosen, and sworn for the County of Haralson, to wit: [naming them], in the name and behalf of the citizens of Georgia, charge and accuse M. W. Hancock-Lewis of said State aforesaid with the offense of a misdemeanor, larceny after trust, for that the said M. W. Hancock-Lewis, in the county aforesaid, on the 21st day of July, in the year of our Lord nineteen hundred and thirteen, with force and arms and unlawfully, having then and there been entrusted by one Effie McCalmans with $5.00 in lawful money of the United States issue, of the value of $5.00, to be applied then and there for the use and benefit of said Effie McCalmans, the owner thereof, as follows: He, said Lewis, was then and there entrusted with said $5.00 by said

Effie McCalmans to purchase for her a ticket on the Southern Railway Company from Bremen to Atlanta, at Bremen, said county, and so entrusted fraudulently converted the said $5.00 to his, said Lewis', own use, the said Lewis then and there entrusted with said $5.00 to purchase said ticket and return whatever of the amount remaining to her, said Effie McCalmans, and he, said Lewis, after purchasing said ticket for the sum of $1.30, failed and refused to return said Effie McCalmans the balance of said $5.00, but fraudulently converted the same, to wit, $3.70, to his own use, contrary to the laws of said State," etc.

The demurrer was on the following grounds: No crime is alleged in the indictment. It is not alleged from whom the defendant was to purchase the railroad ticket. The trust is not sufficiently set out, in that there is no sufficient description of the ticket to be bought—whether a railroad ticket, or what kind of ticket. The trust "is alleged to be unlawful, and for that reason no violation of laws of Georgia." It is not alleged from whom the ticket was purchased. No demand by Effie McCalmans on defendant for the $3.70 alleged to have been converted is alleged. It is not alleged that the crime was committed in Haralson county. It is not alleged whether the $3.70 was money or property, or, if money, whether lawful currency, paper money, silver, or gold, and its denomination; nor is the $3.70 alleged to have been of any value; nor is there any allegation that the $3.70 was fraudulently converted in Haralson county.

*J. O. Newell, Roop & Fielder, J. S. Edwards,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general, Griffin & Matthews,* contra.