## 7179. CHANCEY *v.* THE STATE.

BROYLES, J. 1. The defendant was convicted in the city court of Athens, Clarke county, Georgia, of larceny after trust, and, his motion for a new trial having been overruled, sued out a bill of exceptions to this court. The undisputed evidence shows that on May ·19, 1915, the prosecutor entrusted the accused with a suit of clothes "of a gray colored mixture" for the purpose of selling it and remitting the proceeds of the sale to the prosecutor; and that the defendant never remitted any sum of money for the suit or returned the suit itself. The accused lived in Barrow county, and, in his statement upon the trial, admitted that he received the clothes from the prosecutor in Clarke county on the date mentioned, but stated that he sold them to one John Hainey in Barrow county. John Hainey testified in behalf of the defendant that in the spring of 1915 he bought *a* suit of clothes from the defendant, in Barrow county, but did not know whether the transaction occurred in April, May, June, or July of that year; that he "did not remember the color of the suit, but *it had a lot of green in it*" (italics ours). The prosecutor, being recalled for the State, testified that he "had heard the testimony of John Hainey, and that the suit he testified about was not the suit he delivered to defendant, as that suit *did not have any green color in it*" (italics ours). There was no direct evidence corroborating the statement of the accused that he had taken *the clothes entrusted to him* in Clarke county to Barrow county, and the jury had the right to disregard his statement entirely. In our opinion the evidence was sufficient to authorize an inference that at the time the defendant was entrusted with the goods in Clarke county he had formed an intent to wrongfully convert them to his own use, and that the conversion occurred in that county. Accordingly, the venue of the crime was properly laid in Clarke county, where the defendant obtained possession of the clothes and presumptively formed the criminal intent. *Mangham* v. *State,* 11 *Ga. App.* 427 (75 S. E. 512); *Bowen* v. *State,* 16 *Ga. App.* 179 (84 S. E. 793); *Keys* v. *State,* 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. R. 63).

2. One of the grounds of the motion for a new trial is as follows: "Be-

cause movant was charged in said second count of appropriating to his own use a suit of clothes, and the evidence shows that if any crime was committed by him it was the appropriation to his own use of the proceeds of the sale of said suit after having sold the suit of clothes with the full knowledge and consent of the prosecutor." There is no merit in this contention, as the evidence does not show that the defendant ever sold the particular suit of clothes entrusted to him, but, on the contrary, authorizes a finding that the suit itself was wrongfully appropriated by him. *Judgment affirmed.*

DECIDED JUNE 28, 1916.

Accusation of larceny after trust; from city court of Athens— Judge West. December 20, 1915.

*Wolver M. Smith,* for plaintiff in error.

*S. C. Upson, solicitor,* contra.