*B. T. Castellow, solicitor-general, R. R. Arnold, E. C. Hill,* contra.

---

13702.  MUSSELWHITE v. THE STATE.

PER CURIAM.  1.  Under the provisions of section 1213 of the Civil Code of 1910, requiring county tax-collectors to make monthly reports, in duplicate, " of all taxes, both State and county, collected by them," to the comptroller-general of the State and to the ordinaries of their respective counties, a county tax-collector is required to make a monthly report to the ordinary of all special taxes collected by him.

(*a*)  Sections 1213 and 1214 of the Civil Code of 1910, requiring State and county tax-collectors to make to the comptroller-general of the State and to the ordinaries of their respective counties sworn monthly statements in duplicate, of all taxes, both State and county, collected by them, are not in conflict with the provisions of sections 1218 and 1219 of the Civil Code of 1910, which require that the tax-collector of each county in this State " lay before the grand jury, on the first day of the term of each court, a full statement of all special taxes received by him for the six months immediately preceding said report, and to state fully the date of said payments, from whom received, and also the amounts received," and to make quarterly sworn returns to the comptroller-general of all special taxes collected by him, " except those given in and entered upon the receiver's digest, setting forth in said returns the names of all persons or companies paying such tax, when paid, for what purpose, and the amounts thereof."  These different code sections, properly construed, are not in conflict but are merely supplemental of each other.

2.  The admission of the documentary evidence, as complained of in the amendment to the motion for a new trial, was not error for any reason assigned.  This evidence was clearly admissible for the purpose of showing motive or intent.

3.  Under the ruling in the first part of this decision, none of the excerpts from the charge of the court, nor the refusal of certain requests to charge, complained of in the motion for a new trial, was error.

4.  The special ground of the motion for a new trial based upon the alleged

failure of the State to show any demand upon the accused, made prior to the indictment against him, by an authority competent to make the same, for payments of the funds alleged to have been embezzled, is without merit. No such demand was necessary. *Lewis* v. *State*, 17 *Ga. App.* 667 (1) (87 S. E. 1087), and citations.

5. The accused made a statement to the jury, but introduced no witnesses. The evidence for the State abundantly authorized, if it did not demand, the defendant's conviction, and was sufficient to exclude every *reasonable* hypothesis save that of his guilt. No material errors occurred upon the trial, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED NOVEMBER 17, 1922.

Indictment for embezzlement; from Crisp superior court — Judge Gower. May 8, 1922.

Application for certiorari was granted by the Supreme Court.

*Dorris & Brown, Crum & Jones, George & Woodward,* for plaintiff in error.

*J. B. Wall, solicitor-general, E. F. Strozier,* contra.

LUKE, J., dissenting. I cannot agree with the conclusion reached by my colleagues. In the view I take of this case it hinges upon the question: " Is a tax-collector required by the law of this State to make reports to the ordinary of the collection of special license and occupation taxes made by him for the State?" Section 1218 of the Civil Code (1910) provides that " it shall be the duty of the tax-collector of each county in this State to lay before the grand jury, on the first day of the term of each court, a full statement of all special taxes received by him for the six months immediately preceding said report, and to state fully the date of said payments, from whom received, and also the amounts received. And the judges of the superior courts of this State shall give this law in charge to the grand jury at each term of their respective courts." Section 1219 of the Civil Code (1910) says that " it shall be the duty of the tax-collectors of this State to make quarterly returns to the comptroller-general, under oath to be administered by any duly qualified officer, of all special taxes collected by them, except those given in and entered upon the receiver's digest, setting forth in said returns the names of all persons or companies paying such tax, when paid, for what purpose, and the amount thereof." Both of these sections are codified from Georgia Laws of 1878-9, pages 78 and 80. Section 1213 of the Civil Code (1910) provides that

it shall be the duty of the State and county tax-collectors to make monthly statements in duplicate under oath of all taxes, both State and county, collected by them, one copy to be filed with the comptroller-general and one to be filed with the ordinaries of their counties." Section 1214 of the Civil Code (1910) is as follows: "The monthly statements shall be made on the first Monday in October in each year, and shall include all taxes·collected for and during that fiscal year, and then shall be made monthly thereafter on the first Monday in each month, until the tax-collectors have made a final settlement with the State and county for that fiscal year." These sections are taken from an act approved December 24, 1896 (Ga. L. 1896, p. 35). Sections 1213 and· 1214 do not repeal sections 1218 and 1219 of the Civil Code of 1910. Repeals by implication are not favored, and besides, adoption of the code made both the earlier and the later statute laws of Georgia of equal force and dignity. See *Central of Georgia Ry. Co.* v. *State,* 104 *Ga.* 831 (5) (31 S. E. 531, 42 L. R. A. 518).

It is contended that the words, " all taxes," as used in section 1213, are comprehensive and mean what they say, and necessarily include " special taxes " as used in sections 1218 and 1219; and that, therefore, tax-collectors are compelled to make monthly statements of special taxes as well as ad valorem taxes to the ordinaries of their respective counties, notwithstanding the requirements contained in sections 1218 and 1219 as to making reports of special taxes to the grand juries and quarterly returns of the same to the comptroller-general. In the interpretation of statutes the courts should look diligently to the intention of the General Assembly. The license and occupation taxes in question are no part of the counties' revenue. They belong to the State, and there would seem to be no reason why tax-collectors should report them to' the ordinaries. Especially would this appear to be the case where for more that a quarter of a century prior to the passage of the act of 1896 requiring monthly reports to the ordinary, there stood upon our statute books the law as contained in sections 1218 and 1219, treating of special taxes eo nomine, and, so far as I can see, wisely and adequately providing for all requisite reports and statements of such taxes. The following statement of a familiar rule of construction, quoted from the case of U.'S. v. Nix, 189 U. S. 199 (47 L. ed. 775), further confirms the correctness of my conclusion:

" The rule of statutory construction is well settled that a general act is not to be construed as applying to cases covered by a prior special act upon the same subject." See also the case of *Sutton* v. *Hancock,* 118 *Ga.* 436 (7) (45 S. E. 504), where the court said: " Where a general limitation law applicable to numerous classes of cases conflicts with a law applicable only to a particular class, the latter controls."

Having reached the conclusion that the law does not require tax-collectors to make reports to the ordinaries of special license and occupation taxes due the State, it was, in my opinion, error for the trial judge to admit to the jury, over timely and appropriate objection, the written report made by the defendant to the ordinary, which showed on its face that it did not purport to deal with special taxes at all. This report was made on the regular form for the return of ad valorem taxes. I am also of the opinion that it was error to charge section 1213 of the Civil Code and then substantially tell the jury that they could consider, in arriving at their verdict, whether the defendant filed any report with the ordinary or whether there was a false return so made. It follows, in my judgment, that the court erred in refusing the timely written request of the defendant to charge that " there is no law in this State requiring a tax-collector to make any report to the ordinary of a county of specific taxes collected by him." I think that the judgment of the trial court overruling the motion for a new trial should be reversed instead of affirmed.