## DAVIS *v.* THE STATE.

BROYLES, C. J.  The verdict was authorized by the evidence; and the court did not err in overruling the motion for new trial, based on the general grounds only.

*Judgment affirmed.  MacIntyre and Guerry, JJ., concur.*

DECIDED OCTOBER 20, 1933.

*M. B. Eubanks,* for plaintiff in error.
*Lamar Camp, solicitor,* contra.

### 23589.  GOLDEN *v.* THE STATE.

GUERRY, J.  1. "In the determination of whether the venue of a criminal case shall be, changed for the reason that the condition of the public mind is such that the accused can not obtain a fair trial by an impartial jury, the law imposes upon the trial judge the responsibility of making an examination and informing himself of the truth of the averments upon which the application is made; and the Supreme Court has no power to control his discretion in such a matter, unless it has been plainly and manifestly abused." *Rawlins* v. *State,* 124 *Ga.* 31 (52 S. E. 1).  The record does not disclose any such abuse in the present case.

2. The fact that this and companion cases were tried in a county in which the jury box contained only 386 names, and that the trials created widespread public interest and large attendance, does not indicate an abuse of discretion on the part of the trial judge in refusing the motion for a change of venue, it also appearing that there were more than 150 jurors in the box who were never summoned.  The evidence as to whether or not a fair trial might be obtained being in conflict, this court will not interfere with the discretion vested in the trial judge. *Grenoble* v. *State,* 41 *Ga. App.* 663 (154 S. E. 304), and cit.

*Judgment affirmed.  Broyles, C. J., and MacIntyre, J., concur.*

DECIDED OCTOBER 20, 1933.

*J. A. Beazley, C. E. Sutton,* for plaintiff in error.
*C. S. Baldwin Jr., solicitor-general,* contra.