## 32135. HAMBY *v*. THE STATE.

GARDNER, J. This is the second appearance of this case here on demurrer. This indictment is based on the same transactions alleged in the indictment when the case was here before. *Hamby* v. *State*, 76 *Ga. App.* 549 (46 S. E. 2d, 615). The indictment is drawn under Code § 26-2811, with eight counts. The first and second counts cover one transaction, the third and fourth another, the fifth and six another, and the seventh and eighth still another. In each of the odd-numbered counts it is alleged that the property described in the indictment, certain automobiles specified in each count, had been entrusted to the defendant for the pur-

pose of selling them and paying the proceeds of the sale to the owner, but that instead of doing this the defendant, before he sold the property, converted the automobiles to his own use. The allegations of the even-numbered counts, 2, 4, 6, and 8, allege that the defendant was entrusted with the automobiles for the purpose of selling and paying the proceeds of the sale to the owner, and that he did sell them and after having done so, converted the proceeds to his own use. There are no demurrers to the even-numbered counts. The demurrers are to the odd-numbered counts. It is contended in these demurrers that, since the property in those counts was alleged to be entrusted for the purpose of sale and paying the proceeds over to the owner, an allegation to the effect that the accused converted the automobiles before he sold them is a bad allegation, in that to allege that they were entrusted to him for the purpose of sale, and then to allege that he converted them before the sale, made the indictment inconsistent as a matter of law, and therefore not good. We can not follow this reasoning. The proof may show that he never sold any of the cars, in accordance with the entrustment, but converted them to his own use. If the evidence should show this at the trial, we see no reason why, the other material allegations of the indictment having been proven also, the jury would not be authorized to find the defendant guilty under the odd-numbered counts. But, of course then, he could not be convicted under the allegations of the even-numbered counts. On the other hand, if the evidence should show that he did sell the property in accordance with the entrustment and converted the proceeds, we see no reason why, the other allegations of the even-numbered counts having been proven, the jury would not be authorized to find the defendant guilty of converting the proceeds of the same, and in such event, of course, he could not be convicted on the odd-numbered counts. The trial court can instruct the jury with reference to those matters. Or, after the evidence is in, the State might elect on which counts it might rely for conviction. In our opinion the indictment is drawn in accordance with what we held when the case was here before. The court did not err in overruling the demurrer to the indictment.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED NOVEMBER 6, 1948. REHEARING DENIED DECEMBER 15, 1948.

*J. Hugh Rogers, John M. Slaton,* for plaintiff in error.
*Paul Webb, Solicitor-General, William Hall,* contra.