## 32831. WATERS *v.* THE STATE.

DECIDED APRIL 20, 1950. REHEARING DENIED JULY 19, 1950.

*Frank Grizzard, Hubert C. Morgan, James R. Venable,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank French, William Hall,* contra.

MacINTYRE, P. J. ■ The indictment, in ten counts, was drawn under Code § 26-2811 and the ruling in *Hamby* v. *State,* 78 *Ga. App.* 303 (50 S. E. 2d, 760). A verdict was directed in favor of the defendant on all of the counts except 2, 4, and 8. The jury convicted the defendant on each of these counts. The material part of count 2 charged the defendant with larceny after trust in Fulton County in that he "having been then and there entrusted by the Atlas Auto Finance Company, with one 1941 Chrysler sedan automobile of the value of $700 and the property of the said Atlas Auto Finance Company, for the purpose of selling the same and paying the proceeds of such sale to the said Atlas Finance Company, did after having been so entrusted, and after having sold the said automobile, wrongfully, fraudulently and feloniously convert the proceeds of said sale to his, the said accused's own use." Count 4 is the same as count 2 except as to the description of the property which is in count 4 described as: "One 1947 Chevrolet pickup truck automobile of the value of $1,200 and the property of the Atlas Auto Finance Company." Count 8 is the same as count 2 except as to the description of the property which is described in count 8 as: "One 1939 Ford Coach Automobile, motor number 18-5175826, of the value of $400 and the property of the Atlas Finance Company."

The three essential elements of the offense of larceny after trust are (1) entrustment; (2) purpose of entrustment beneficial to the owner or third person; and (3) fraudulent conversion. *Brandt* v. *State,* 71 *Ga. App.* 221, 232 (30 S. E. 2d,

652) ; *Birt* v. *State,* 1 *Ga. App.* 150 (57 S. E. 965) ; *Goodman* v. *State,* 2 *Ga. App.* 438 (58 S. E. 558) ; *Hamilton* v. *State,* 11 *Ga. App.* 41 (74 S. E. 446) ; *Lewis* v. *State,* 17 *Ga. App.* 667 (87 S. E. 1087) ; *Bowen* v. *State,* 16 *Ga. App.* 179 (84 S. E. 793). Each of the bills of sale to secure debt executed by the defendant to the Atlas Auto Finance Company, on the automobiles described in counts 2, 4, and 8, contained the following provision: "It is further agreed that said property [the automobiles] is to be kept in storage at the place above described [the defendant's place of business] until the indebtedness covered by this sale to secure debt shall have been paid in full, and the whole debt secured hereby shall mature and become at once due and payable if any part of the property is taken from said storage and moved, used or operated in any way . . " There was, however, evidence introduced of a contemporaneous or subsequent agreement between the defendant and the Atlas Auto Finance Company that the defendant was to sell the automobiles and from the proceeds of such sales he was to pay off the bills of sale to secure debt. No question of the admissibility of this evidence is made in this court. As to the elements of (1) entrustment and (2) purpose of entrustment beneficial to the owner or third person under the rule observed in *Gernazian* v. *Harrison,* 66 *Ga. App.* 689, 691 (19 S. E. 2d, 165), and *National City Bank of Rome* v. *Adams,* 30 *Ga. App.* 219 (117 S. E. 285), the jury was authorized to find that the Atlas Auto Finance Company lent money to the defendant, an automobile dealer, and took to secure the debts, a separate bill of sale for each of the automobiles described in counts 2, 4, and 8, which the lender expressly or by clear implication authorized the dealer to sell in the regular course of business; that the legal effect and import of such loans and agreement was to constitute the defendant the trustee or agent of the lender to sell the property and hold the proceeds to the amount of the encumbrances for the lender's benefit and to account to the lender for them.

As to the fraudulent conversion the jury was authorized to infer a fraudulent conversion from proof of the sale of the automobiles, which was introduced in evidence, and the failure and refusal of the defendant to account for the money to the Atlas Auto Finance Company. *Brandt* v. *State,* supra, at 230; *Lewis*

v. *State,* supra (1-a); *Dukes* v. *State,* 52 *Ga. App.* 200 (182 S. E. 803); *Minnis* v. *State,* 29 *Ga. App.* 227, 228 (114 S. E. 587); *Chaffin* v. *State,* 5 *Ga. App.* 368 (63 S. E. 230); *Hagood* v. *State,* 5 *Ga. App.* 80 (6) (62 S. E. 641); *McCrory* v. *State,* 11 *Ga. App.* 787, 788 (4) (76 S. E. 163); *James* v. *State,* 71 *Ga. App.* 867, 869 (32 S. E. 2d, 431); *Keys* v. *State,* 112 *Ga.* 392 (37 S. E. 762); *Clack* v. *State,* 47 *Ga. App.* 323, 325 (170 S. E. 398); *McCranie* v. *State,* 51 *Ga. App.* 192, 193 (179 S. E. 826). "Proof that money [or other article of value] was entrusted to a person, where it is further shown that the purpose of the trust was not performed, and a demand for the money and a failure to pay, constitute, in law, direct proof of a conversion." *Clack* v. *State,* supra; *Bowen* v. *State,* supra. This proof was direct, not circumstantial evidence. *Curtis* v. *State,* 72 *Ga. App.* 857, 864 (35 S. E. 2d, 310). We, therefore, think that the jury was authorized to find that all three of the elements that constitute the offense charged in each of the three counts in the indictment upon which the defendant was tried were proved and the verdict in each of the three counts was supported by the evidence.

There is no contention by the defendant that there was any failure to prove the sale of the automobiles described in counts 4 and 8, but he does contend that since there is a variance between the bill of sale to secure debt for the automobile described in count 2 and the bill of sale given for what the State contends was that automobile that there was a failure to prove the sale in that count. The variance consists of this: In the bill of sale to secure debt on the Chrysler automobile, the motor number is given as "C28-112-125," whereas the bill of sale given by the defendant lists the motor number as "C-28-112-128." The witness T. R. Mayfield, who bought the automobile, which the State contends, is the one described in count 2 of the petition testified: "I am the owner of a 1941 Chrysler sedan automobile, which I purchased from Mr. Dean Waters [the defendant] about the 7th of January, 1948 . . I have here the motor number of that Chrysler automobile I bought. The motor number is C-28-112-125 . . I was given a bill of sale at the time I traded. I have still got the car. I hand you the bill of sale. I saw Charles Waters, who is Mr. Dean Waters' boy, sign that; he did the writing, making up the bill. Charles Waters, Mr. Dean

Waters' boy, did the writing. I paid him in cash. I paid the cash to Mr. Dean Waters." The bill of sale, dated January 7, 1948, was introduced in evidence. It was in the nature of a printed skeleton form of bill of sale and the blanks were filled in with pen and ink. Following the printed word "motor" in such bill of sale, the following was filled in with pen and ink: "C-28-112-128." The defendant contends that since the last figure of this motor number in the bill of sale is "8" instead of "5" as shown by the bill of sale to secure debt that there is a failure to prove the sale of the car described in count 2 as we have said. We think that it cannot be doubted that from the whole of the surrounding circumstances of this case, the transcribing or copying of the motor number in the bill of sale from the motor number on the car was an unintentional error and that "the error . . was so manifestly a clerical one that even parol evidence to prove that fact was not necessary." *Gaulding v. Baker,* 9 *Ga. App.* 578, 580 (71 S. E. 1018) ; *Tillman v. Webb & Company,* 17 *Ga. App.* 620 (87 S. E. 904). The jury was authorized from the evidence to find that the car described in the indictment under count 2 and the car purchased by the witness, Mayfield, were one and the same. Proof of the sale of the automobile was established and this special contention of the defendant with regard to the general grounds as they relate to count 2 of the indictment is without merit.

■ In special grounds 4 and 5 the defendant contends that the venue is not proved. *Keys v. State,* supra, 399, quotes with approval the following from 10 Am. & Eng. Enc. L. (2d ed.) 1025: "As a general rule the offense is committed, not where the property is received, but where it is converted, unless it is received with intent to fraudulently convert it. If an employee, agent or bailee, however, refuses to account for property or money, with fraudulent intent, in the county in which it was received, or if in that county he conceives the intent to convert the property to his own use, and has possession with such intent, the offense of embezzlement [or larceny after trust] is complete, although he may actually expend or dispose of the money or property in another county." In the *Keys* case, supra, the Supreme Court also cited with approval the following rule from State *v.* Bailey, 50 Ohio St. 636 (36 N. E. 233): "If the transaction extended to

■

different counties, the authorities generally hold that the jurisdiction of the county in which the act of conversion occurred is not exclusive . . [and] where a contract of employment was made in L. county, by which the defendant was authorized to sell goods for his employers in S county, and to account therefor in S. county, and goods were sent from his employer's place of business in L. county, to the defendant in S. county, and were sold in S. county by the defendant, and the proceeds converted to his own use, part in S. county and part in another State, the defendant could be prosecuted in L. county." In the Bailey case, supra, we find this discussion of the point of venue: "It would seem upon principle that unless some essential part of the transaction constituting the offense occurred within a county, venue could not be laid therein. In the case before us the contract of employment was made in Lucas county, and it was the duty of the defendant to account there, either by letter or in person. Is there not strong ground to contend that the contract, by which the fiduciary relation and the duty to account are created, is as essential a constituent of the offense as the conversion of the money or property of the employer? This is held in Hedley, *ex parte* 31 Cal. 108. It is true that it is the act of conversion which gives to the transaction its odious and repugnant character, but proof of the contract establishing the relation is no less important than is proof of the conversion itself. It has been held that if the servant be found in the county where his master resides, and where it was the servant's duty to account, and a demand is made on him to account, or if he is simply inquired of there concerning the money and he says he is sorry, but has spent it, it will support venue. Reg. Murdock, 2 Denn. C. C. 298. The crime may be complete without proof of a demand upon the servant or agent to account. . . It is the defendant's duty to account, together with his neglect or refusal to do so, that constitutes the fraudulent breach of duty. A demand at a place when and where he owes no duty is, of itself, not enough. The defendant's obligation was to account to his meployers at Toledo in Lucas county. This obligation pressed upon him with equal force whether he was within or without the county; his refusal, neglect, or omission to discharge this duty, may be as clearly manifested by silence and the cir-

cumstance of his absence, or by letter, as by spoken words, unless there is some magic in personal presence. That the presence of the offender within the county, when a crime is committed is not always necessary to give jurisdiction, is a settled principle. Norris v. State, 25 Ohio St. 217. In a late and well-considered English case, it was held that the sending of a letter by the defaulting employee, from another county to his employers, and its receipt by them in the county where it was his duty to account, was sufficient to give jurisdiction. The Queen v. Rodgers, 3 L. R. Q. B. Div., 28. The question is by no means free from difficulty, but we think the weight of authority as well as of reason, authorizes us to hold that the making of the contract in Lucas county, the express duty it imposed upon the defendant to account weekly to his employers there, either in person or by letter, together with the fact that he did report to them falsely by letter, which they received, constituted such integral and essential parts of the transaction as entitle venue to be laid in Lucas county." The evidence shows that the defendant negotiated each of the loans in Fulton County; that he received the money on the loans in that county and executed the bills of sale to secure the debt, which were payable upon demand, there, on January 2, 1948. The bills of sale to secure debt were captioned, Fulton County, Georgia and stipulated that they were to be repaid at the banking house of the Atlas Auto Finance Company, which is located at 262 Spring Street, N. W., Atlanta, Fulton County, Georgia. The evidence also showed a demand made on April 15, 1948, for the automobiles or the proceeds derived from their sale to the extent of the encumbrances. This demand was made, according to the evidence at 262 Spring Street, Atlanta, Fulton County, Georgia, and the defendant failed and refused to comply with such demand.

Under this evidence and the rules discussed above in this division of the opinion, we hold that the defendant could be indicted and tried in Fulton County for larceny after trust as alleged in the indictment.

It follows that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*