### 34839. CLOWER *v.* THE STATE.

DECIDED OCTOBER 16, 1953.

*Howard, Howard, Slaton & Holt, E. Freeman Leverett,* for plaintiff in error.

*Paul Webb, Solicitor-General, William E. Spence, Charlie O. Murphy,* contra.

GARDNER, P. J. ■ As to the general grounds, the evidence is to the effect: That the defendant was engaged in the business of buying and selling automobiles under the name of Northside Motors; that J. W. Buice was the employee of the defendant; and that, during the course of the defendant's operations, he entered into a contract with Gulf Finance Corporation to assist him in financing his automobile operations. The automobile in question, and the one handled under this arrangement with Gulf Finance Corporation, was pledged to Gulf Finance Corporation by Buice for a loan of $1,400. Buice signed the name of Northside Motors, by J. W. Buice. He received a check from Gulf Finance Corporation and delivered it to the defendant. The defendant received the money from Gulf Finance Corporation on this check. Gulf Finance Corporation received the bill of sale from the defendant. Without going into details as to the specific terms of this bill of sale, it substantially provided that the title to the automobile in question was to be in Gulf Finance Corporation as security for this loan of $1,400. But it also provided that the defendant was to have the authority to sell this automobile during the course of the operation of his business. The automobile was sold by the defendant, but he did not pay the proceeds to Gulf Finance Corporation. The evidence further showed that demand was made upon him by Gulf Finance Corporation for the proceeds of this sale of the automobile. The

defendant refused to pay the proceeds to Gulf Finance Corporation, stating in this connection that he did not have the money and that he used the proceeds of this sale to take care of bad checks which he had given to purchase this automobile in the first instance and before he pledged the automobile to Gulf Finance Corporation as security for the money the defendant received from this corporation. Much is said by counsel for the defendant concerning the nature of the contract with Gulf Finance Corporation, arguing that it was not a bailment contract and to the effect that, if he had given bad checks for the automobile in question, title never passed to him sufficiently for him to pledge the automobile. Be this as it may, the gist of the contract was that the $1,400 which the defendant received was obtained on the presumption that he had the possession of the automobile in question under an agency of entrustment by Gulf Finance Corporation to him, and that in violation of his entrustment he sold the automobile in the course of the carrying on of the business of the Northside Motors, and failed to pay the proceeds of the sale to Gulf Finance Corporation, but to the contrary, converted to his own use the proceeds of the sale of this automobile. In this respect see *Waters* v. *State*, 82 *Ga. App.* 157 (60 S. E. 2d 798). The evidence was sufficient to sustain the verdict on the general grounds.

■ Special grounds 1 and 3 will be considered together. Special ground 1 assigns error on the following excerpt from the charge of the court with reference to an accomplice: "The test in determining whether a particular witness is an accomplice is, could the witness himself or. has the witness himself been indicted for the offense, either as principal or as accessory?"

It is contended that the correct principle of law is: "Whether or not a particular witness is an accomplice is, could the witness himself, or has the witness himself, been indicted and convicted for the offense, either as principal or as accessory?" It is contended that the charge established an incorrect standard for the consideration of the jury in determining whether or not a conspiracy existed between the defendant and J. W. Buice. It will thus be seen that the assignment of error is not to the effect that it was error as it applied to an accomplice, but it was error as it related to the existence of a conspiracy.

Special ground 3 assigns error on the following excerpt from

the charge relating to conspiracy: "The question of whether there was or was not a conspiracy in this case is a question of fact for your determination. If the defendant on trial, W. J. Clower, entered into a combination or agreement with one or more parties and it was the common intent of the defendant on trial and such party or parties to participate in the commission of the crime charged, then, in that event, the defendant and such other party or parties would be guilty of a conspiracy." The assignment of error on this excerpt is: "Movant alleges that said charge was ambiguous and confusing to the jury, and would rationally lead them to believe that they could convict your movant merely upon finding that a conspiracy existed without regard to whether or not any offense under the laws of this State had been committed pursuant to an already formed conspiracy."

It is contended in special ground 3 that this excerpt led the jury to believe that if the State proved the existence of the conspiracy this would authorize the jury to convict the defendant of larceny after trust. There is no such offense under Georgia law as conspiracy. *Randall v. State*, 73 *Ga. App.* 354, 370 (36 S. E. 2d 450). The fallacy of counsel for the defendant as to special grounds 1 and 3 in regard to conspiracy is that counsel seemed to overlook the entire charge of the court on the question of conspiracy. The jury could not have been confused or misled when we consider the entire charge on this principle. The charge of the court was correct and full and even the excerpt from the charge hereinabove quoted in special ground 3, if taken alone, is not susceptible of the conclusion placed upon it by distinguished counsel for the defendant. We find no reversible error in the assignments of error under special grounds 1 and 3.

Special ground 2 alleges that the court failed to charge the principle of circumstantial evidence. The conviction in this case does not depend wholly upon circumstantial evidence. Where a conviction does not depend wholly upon circumstantial evidence, the court is not required to charge the principle of circumstantial evidence in the absence of a timely written request to do so. There was no written request to so charge in the instant case. This assignment of error is without merit.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*