## 34925. NICKLES *v.* THE STATE.

DECIDED JANUARY 21, 1954.

*Harris, Chance & McCracken,* for plaintiff in error.

*Geo. Hains, Solicitor-General, E. D. Fulcher,* contra.

GARDNER, P. J. 1. There is no merit in the motion to change the venue on the ground that the defendant could not obtain a trial in the county before a fair and impartial jury. The evidence for the defendant on the hearing of his motion to change the venue consists of 34 newspaper articles, all published long before the alleged larceny charged to the defendant and concerning other conduct with reference to board of education matters. Three witnesses were introduced by the State, persons who had opportunity to know the situation, to the effect that the defendant could obtain a fair trial before an impartial jury in that county. In such a case, the judge did not abuse the discretion vested in him in denying the defendant's motion to change the venue. See *Golden* v. *State,* 47 *Ga. App.* 746 (171 S. E. 387); *Johns* v. *State,* 47 *Ga. App.* 58 (169 S. E. 688); *Rawlins* v. *State,* 124 *Ga.* 31 (52 S. E. 1); *Loyd* v. *State,* 25 *Ga. App.* 33 (102 S. E. 378); *Vanderford* v. *State,* 126 *Ga.* 753 (55 S. E. 1025); *Biggers* v. *State,* 171 *Ga.* 596 (156 S. E. 201); *Douberly* v. *State,* 184 *Ga.* 573 (192 S. E. 223); *Lucas* v. *State,* 74 *Ga. App.* 682 (41 S. E. 2d 163). This case is not like *Geer* v. *State,* 54 *Ga. App.* 216 (187 S. E. 601), and similar cases.

2. The evidence was insufficient to authorize a verdict finding the defendant guilty of larceny after trust. When the case was here before (*Nickles* v. *State,* 86 *Ga. App.* 290, 71 S. E. 2d 578), this court held: "Larceny after trust is a species of larceny and in prosecutions for the former offense, as in those for the latter, it is necessary to allege ownership. . . *Scarboro* v. *State,* 207 *Ga.* 449 (62 S. E. 2d 168)." That question is not now before the court. In *Hamby* v. *State,* 78 *Ga. App.* 303 (50 S. E. 2d 760), it is ruled: "The indictment is drawn under Code § 26-2811, with

eight counts. The first and second counts cover one transaction, the third and fourth another, the fifth and sixth another, and the seventh and eighth still another. In each of the odd-numbered counts it is alleged that the property described in the indictment, certain automobiles specified in each count, had been entrusted to the defendant for the purpose of selling them and paying the proceeds of the sale to the owner, but that instead of doing this the defendant, before he sold the property, converted the automobiles to his own use. . . The proof may show that he never sold any of the cars, in accordance with the entrustment, but converted them to his own use." The defendant may be found guilty. "The charge in the indictment being that defendant, having been entrusted by Emma Lipscomb with a certain amount of money to be applied to the use and benefit of Ike Lipscomb, to whom it belonged, fraudulently converted it, etc., was not sustained by the evidence, which showed that the confidence was reposed in defendant and the trust delegated to him by Ike Lipscomb and that Emma simply acted as the agent of Ike in handing defendant the money, which belonged to Ike." *McCrary* v. *State*, 81 *Ga.* 334 (6 S. E. 588). This is a clear and concise statement of the law applicable and states clearly the elements of the offense of larceny after trust. There was nothing in the evidence adduced to the jury tending to show any of these elements save that of delivering this money by Ike's agent to the defendant. It did not state a felony, and proof thereof would not have justified a conviction of larceny after trust.

There is no proof in the present case that the defendant even got the money ($2,000) alleged to have been converted by the defendant under circumstances amounting to larceny after trust. There must appear all three elements in order to authorize a jury to convict a defendant of larceny after trust. There must have been a contract and understanding between the defendant and the victim whereby the former received the money from the latter with the distinct agreement and understanding that he would apply the same to a particular use for the benefit of the person defrauded. There is no evidence that the defendant ever converted this money, or that he was entrusted therewith for a particular purpose.

As stated, there are three essential elements of the offense of

larceny after trust and they are: (1) entrustment, (2) purpose of entrustment beneficial to owner or third person, and (3) fraudulent conversion. There is no evidence authorizing the inference of these elements, and the verdict rendered is illegal, erroneous, without evidence to support it, and contrary to law. *Waters* v. *State,* 82 *Ga. App.* 157 (60 S. E. 2d 798). A new trial is demanded under the evidence, rather from the lack of evidence. There must be this entrustment and understanding under the Code sections, and such did not appear from the evidence, and under the record of this case it does not authorize the conviction of this defendant of larceny after trust of over $50.

There was no fraudulent conversion of this money insofar as the defendant was concerned. The witness Dozier stated that· he got, or rather his firm of Dye & Dozier, got the entire profits from the sale of these lathes. The money was paid out by Ogden of the Augusta School Board to purchase these lathes, and they must have been bought, as a bill for the freight appears in this record. The words "fraudulent conversion" constituting an essential element of the crime of larceny after trust delegated, as defined by the penal Code, are synonymous with the words "taking with intent to steal" in cases of ordinary larceny. Proof of fraudulent conversion necessarily proves both the act and intent, or "the union of act and intention," in the commission of the crime. See *Hagood* v. *State,* 5 *Ga. App.* 80 (62 S. E. 641); *Jackson* v. *State,* 76 *Ga.* 551; *Green* v. *State,* 114 *Ga.* 918 (41 S. E. 55). The gravamen of the offense of larceny after trust is the fraudulent conversion of the property of another. *Dobson* v. *State,* 72 *Ga. App.* 74 (32 S. E. 2d 923). We have searched painstakingly through the evidence adduced on the trial of Nickles, and fail to find any evidence tending to show that he had any agreement or understanding with the said Ogden, as head of such school, as to what he should do with the money, and we fail to find that he was entrusted with the money by Ogden or any other person. Where one of the necessary ingredients of larceny after trust is lacking, there can be no legal conviction thereof. See *Wood* v. *State,* 11 *Ga. App.* 242 (74 S. E. 1100). In *Huff* v. *State,* 79 *Ga. App.* 717 (54 S. E. 2d 446), where this court held that the evidence did not authorize the verdict of guilty of larceny after trust, and the conviction of the offense was contrary

to law, it appeared from the testimony of the prosecutor that the money was paid, not entrusted, to the defendant, and this court said: "Even if the defendant never really intended to provide the tombstone at all but fraudulently pretended that he would do so for the purpose of obtaining the money and applying it to his own use, the evidence demonstrates that the money was paid to Huff, not entrusted to him, and while the facts of the case may show great moral turpitude on the defendant's part, they do not render him guilty of larceny after trust." Citing *Wylie* v. *State*, 97 *Ga.* 207 (22 S. E. 954).

It follows that the evidence here entirely failed to show that the defendant even received the $2,000 mentioned in the indictment, and that he merely acted as agent for the firm of Dye & Dozier and was not a member thereof; and thus there was no evidence to authorize his conviction of the offense charged, and the same was contrary to law.

As to whether or not, under all the facts and circumstances of this case, the defendant may be guilty of some other offense under our laws, is not now before us.

The trial court judge erred in overruling the defendant's motion for a new trial, which was based on the general grounds only.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*