Taylor *v.* The State.

Simmons, C. J.   1. The word " child " as used in section 81 of the Penal Code means a " living child," that is to say " an unborn child so far developed as to be ordinarily called 'quick' " and which is still alive when the alleged unlawful means are employed to produce the miscarriage or abortion.

2. When in the trial of an indictment founded upon this section one of the main defenses was that the child was not in fact living at the time the alleged offense was committed, and the evidence bearing on this question was so conflicting as to make it a close and doubtful case, the refusal to give in charge to the jury a written request, properly framed, and asking the judge to call the attention of the jury to this specific defense by instructing them that the child must have been in fact alive or there could be no conviction, is cause for a new trial. This is so although the court did in general terms charge upon the law relating to this subject. *Thompson* v. *Thompson*, 77 *Ga.* 692; *Met. R. Co.* v. *Johnson*, 90 *Ga.* 500; *Belt* v. *State*, 103 *Ga.* 12.

3. There was no error in refusing to give to the jury the other requests to charge, as the principles embraced in such of them as were pertinent to the case were more fully and specifically covered in the general charge than in the requests. There was no error in any of the charges complained of. Some of the exceptions to the admission of evidence do not state what objection was made at the time, and others refer to the brief to show what the objectionable testimony was. These can not be considered. The evidence of the admission of which complaint is properly made was legally admissible. The grounds of the motion for new trial which complain of the overruling of the demurrer to the indictment can not be considered, for the overruling of such a demurrer is not ground for new trial. The grounds complaining of the refusal to change the venue, of holding that a juror over sixty years of age was incompetent to try the case, and of refusing to grant a new trial because of newly discovered evidence, are likewise not considered, as the questions are not likely to arise on the next trial.

*Judgment reversed. All the Justices concurring.*

Argued November 21, 1898.—Decided March 4, 1899.

Indictment for assault with intent to murder. Before Judge Janes. Douglas superior court.. September 15, 1898.

*J. S. James, B. G. Griggs, W. A. Janes* and *J. V. Edge,* for plaintiff in error.      W. T. *Roberts, solicitor-general, T. W. Rucker* and *J. R. Hutcheson,* contra.