## WILBURN v. THE STATE.

1. Where a petition for a change of venue was made by one accused of crime, under the provisions of the act approved August 21, 1911 (Acts 1911, p. 74), relating to change of venue in criminal cases, and after hearing the evidence the judge refused the petition, the judgment is reviewable in the Supreme Court where a bill of exceptions is sued out in pursuance of the provisions of the act referred to.
2. Under the evidence submitted for the consideration of the judge below, there was no error in refusing to grant the prisoner's motion for a change of venue.
3. The court did not err in excluding from the evidence a certain letter of a threatening character, purporting to be a "black-hand letter," addressed, not to the accused, but to another person, and intimating that violence would be visited upon the addressee of the letter in case he furnished money to assist the defendant in making his defense, there being no testimony offered to show the authorship of the letter.
                    JUNE 13, 1913.

Motion to change the venue.  Before Judge James B. Park. Jones superior court.  April 23, 1913.

*John R. Cooper,* for plaintiff in error.

*T. S. Felder, attorney-general, J. E. Pottle, solicitor-general, F. H. Johnson,* and *J. B. Jackson,* contra.

BECK, J.  Nick Wilburn, under indictment for the offense of murder, which crime was alleged to have been committed in the county of Jones, presented a petition to the judge of the superior court of that county, alleging that at the time of presenting the petition he was detained in the jail of an adjoining county, and that if he should be carried back to Jones county there was danger of his being visited with mob violence and of his being lynched, and

that a fair and impartial jury could not be obtained in Jones county
for the trial of the case against him. The petition was filed under
the provisions of the act approved August 21, 1911, relating to the
change of venue in criminal cases. A rule nisi was issued, calling
upon the solicitor-general to show cause why the prayer for a change
of venue should not be granted. The State resisted the motion to
change the venue, and evidence was submitted both by the peti-
tioner and by the State. After hearing evidence the court denied
the motion. The petitioner sued out his writ of error to this court
under the provisions of the act referred to.

1. The first question that arises in this case is whether this court
has jurisdiction to entertain the writ of error bringing the refusal
of the lower court to grant a change of venue here for review. If
the petition addressed to the judge of the court below and the re-
sistance by the State of the motion contained in that petition con-
stituted a criminal case, then this court is without jurisdiction to
review the ruling of the judge on appeal. For, by article 6, sec-
tion 2, paragraph 5, of the constitution of this State (Civil Code,
§ 6502), it is declared, in reference to criminal cases, that the Su-
preme Court shall be a court for the correction of errors "in all
cases of conviction of capital felony." And so far as relates to
criminal cases this court has no jurisdiction except that which
arises in cases where there has been a conviction of a capital felony.
There has been no trial or conviction in the case of the State
against this plaintiff in error; and if his petition for a change of
venue and the issue joined upon that and the evidence heard upon
that issue made a criminal case, this court is clearly without juris-
diction to review the judgment rendered by the court below, dis-
posing of the motion of the petitioner for a change of venue. But
after a careful consideration of the question, we are of the opinion
that the presentation of a petition for a change of venue and the
hearing thereon by the judge below is not necessarily to be classed
as a criminal case. A criminal case is essentially one in which is
involved an alleged injury done to the State by the violation of some
law for the punishment of which the offender is prosecuted by the
State in order that punishment for the offense may be meted out to
said person after conviction. *Grimball* v. *Ross, T. U. P. Charlton,*
175; Ames *v.* Kansas, 111 U. S. 449 (4 Sup. Ct. 437, 28 L. ed.
482) ; and cases cited in 2 Words and Phrases Judicially Defined,

under the definition of "criminal action" and "criminal case." A criminal case necessarily involves the question of guilt or innocence of the party accused. But in the proceedings which we are asked to review here and which reached a finality before the commencement of the trial under the indictment, neither the question of the guilt or innocence of the prisoner was involved, nor what punishment should be meted out to him. Of course it would be competent for the legislature, in providing for a hearing upon the question as to whether the venue in criminal cases should be changed or not, to provide that the hearing of that question should take place at the trial, and under those circumstances the hearing of that question might become a part of a criminal case and be reviewable here in case of conviction, as other questions arising upon the trial are reviewed; just as is done in passing upon the question as to whether it was error or not to refuse a continuance of the case upon motion made by the defendant at the trial. But a motion like that which we have under consideration is not so intimately or essentially connected with the criminal case which we have under consideration as to make it a criminal case or a part of a criminal case. ' It is provided, in the act under which these proceedings to review were instituted, that the judge may hear the petition of the accused at chambers with or without the presence of the accused and at any time and place in the State that he may direct. Taking these provisions of the statute under consideration, as well as the fact that the question of the guilt or innocence of the prisoner is not involved, that no punishment or discharge of the prisoner follows the judgment of the court below rendered upon this proceeding, whether it be in favor of or adverse to the prisoner, we are convinced that the procedure for the determination of the question as to whether a change of venue should be granted to the prisoner or not is one of a civil nature, and does not fall within the category of criminal cases. While the pendency of a criminal case or action against the prisoner must exist before the right to address a petition to the court upon the subject of changing the venue shall arise, and to that extent it might be said that the right to make the petition and the right to a hearing thereon spring from a criminal case, the real source of the right to a hearing is in the existence, or the claim thereof, of the danger of violence being visited upon the prisoner, or the existence of such feeling in the county where the crime is

alleged to have been committed that it is impossible for a fair and impartial jury to be obtained there for the trial of the criminal case against him. Hence we think it was competent for the legislature to treat this matter of making a petition for a change of venue as a thing apart from the criminal case; and that severance having been effected by legislative enactment, the case falls in the category of civil cases. And to the judgment of the court below determining the issue in that case a writ of error will lie to this court.

2. While the act of the legislature referred to above, relative to the change of venue, has enlarged the class of cases in which it is proper for the judge to grant a change of venue, and it is provided that if the evidence submitted shall show "that there is probability or danger of lynching, or other violence, then it shall be mandatory on said judge to change the venue to such county in the State as in his judgment will avoid such lynching," we are of the opinion that where the evidence is conflicting upon the issue as to whether or not under the petition such a case is made as requires the judge to grant the motion, the judge hearing the same passes upon the issues that are to be determined upon evidence, and that his finding and judgment upon the same is final and controlling, unless manifestly erroneous. In the present case the evidence was conflicting upon the material issues, and it can not be said that it was manifestly erroneous to refuse to grant a change of venue.

3. It requires no argument to demonstrate that it was proper for the court to exclude from the evidence a letter which was addressed, not to the accused, but to a third person, threatening the addressee of the letter with violence in case he should furnish money for the purpose of assisting the accused in making his defense, no evidence being offered to show the authorship of the letter.

*Judgment affirmed. All the Justices concur.*