## 9583.  NIX *et al. v.* THE STATE.

Under the facts of this case the judge did not err in refusing the change of venue.

DECIDED APRIL 2, 1918.

Application for change of venue; from Muscogee superior court —Judge Howard. February 14, 1918.

*George C. Palmer,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.

HARWELL, J. This was a petition by Bartow Nix and Albert Nix for a change of venue, under the statutory provisions as amended by the act of 1911 (Ga. L. 1911, p. 74; Park's Penal Code, § 964). It is there provided that "if the evidence submitted shall reasonably show that there is probability or danger of lynching, or other violence, then it shall be mandatory on said judge to change the venue to such county in the State as in his judgment will avoid such lynching." Affidavits of twelve persons were introduced to show that if the petitioners, who had been indicted for murder, were tried in Muscogee county, there was danger of mob violence, and that in that county the feeling against the accused was bitter and inflamed. Among these was an affidavit of the sheriff, and three affidavits of relatives by blood or marriage, of the accused. The State made a counter-showing, introducing the affidavits and the sworn testimony of twenty-three citizens of Muscogee county, all of them testifying substantially that they had heard the case discussed by people generally and had heard no threat of mob violence, and that the trial could be had in Muscogee county without any danger or probability of mob violence or lynching, and the accused could obtain a fair and impartial trial. These witnesses included the mayor of Columbus, the chairman of the board of county commissioners, and the chairman of the police commission of Columbus, the chief of police of Columbus, the chief of county police, the clerk of the superior court, the jailer, and other officers. There were affidavits to the same effect by Mrs. Alexander, wife of one of the persons killed, and by J. B. Everidge, brother of one of the persons killed.

In petitions of this character, the presiding judge must primarily pass upon the question of fact as to whether it is reasonably shown that there is danger of mob violence; and this court will not reverse his finding upon conflicting evidence, unless it is manifestly

erroneous. *Wilburn* v. *State,* 140 *Ga.* 138 (78 S. E. 819) ; *Graham* v. *State,* 141 *Ga.* 818 (82 S. E. 282). In the instant case there was ample evidence to sustain the order refusing the petition.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*