## 13527. WILSON *v.* THE STATE.

BROYLES, C. J. 1. "While it is mandatory upon the judge to whom a petition for a change of venue is presented in behalf of a defendant in a criminal case, under the act approved August 21, 1911 (Acts of 1911, p. 76), to change the venue if the evidence submitted should reasonably show that there is a 'probability or danger of lynching or other violence,' it is primarily a question for the judge, upon the hearing of such petition, to determine from the evidence whether or not such probability or danger of lynching or other violence exists;

and where the evidence upon such issue conflicts, the judgment deny-
ing the defendant's motion to change the venue will not be reversed,
unless manifestly erroneous. Where the evidence fails to reasonably
show the probability or danger of lynching or other violence, it is not
error on the part of the judge to refuse to change the venue." *Broxton*
v *State*, 24 *Ga. App.* 31 (1) (99 S. E. 635), and cases cited.

2: " Where an application is made, by one accused of crime, for a change
of venue on the ground that an impartial jury cannot be obtained, the
law devolves on the trial judge the duty and responsibility of making
an examination and informing himself of the truth of the averments in
the application; and where after hearing evidence the trial court is
satisfied that a fair and impartial jury may be had in the county
where the crime is alleged to have been committed, this court will not
reverse his judgment refusing to change the venue, unless it is made
to appear that there has been an abuse of discretion." *Coleman* v.
*State*, 141 *Ga.* 737 (2 S. E. 227); *Best* v. *State*, 26 *Ga. App.* 671 (1)
(107 S. E. 266).

3. The motion in the instant case was based upon the grounds that there
was a probability or danger of lynching or other violence being done
to the petitioner, and that an impartial jury could not be obtained in
the county where the crime is alleged to have been committed. The
evidence adduced upon the hearing of the motion was in sharp con-
flict, but this court cannot say that the evidence as a whole did not
authorize the judge to determine that no probability or danger of lynch-
ing or other violence existed, or that it did not authorize him to deter-
mine that a fair and impartial jury could be obtained in the county
where the alleged offense was committed.

4. In view of all the facts of the case, the exclusion of certain oral and
documentary evidence, offered by the petitioner, was not such error
(if error at all) as requires a reversal of the judgment below.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
Decided May 11, 1922.

Motion to change venue in murder case; from Wilcox superior
court — Judge Gower. April 5, 1922.

Application for certiorari was denied by the Supreme Court.

*W. A. McClellan, Hal Lawson,* for plaintiff in error.