*J. Walter LeCraw,* for plaintiff in error.

*John A. Boykin, solicitor-general, Ralph H. Pharr,* contra.

---

## 16352.   COGGESHALL *et al. v.* THE STATE.

BROYLES, C. J. 1. "'While it is mandatory upon the judge to whom a petition for a change of venue is presented in behalf of a defendant in a criminal case, under the act approved August 21, 1911 (Acts of 1911,

p. 76), to change the venue if the evidence submitted should reasonably show that there is a "probability or danger of lynching or other violence," it is primarily a question for the judge, upon the hearing of such petition, to determine from the evidence whether or not such probability or danger of lynching or other violence exists; and where the evidence upon such issue conflicts, the judgment denying the defendant's motion to change the venue will not be reversed, unless manifestly erroneous. Where the evidence fails to reasonably show the probability or danger of lynching or other violence, it is not error on the part of the judge to refuse to change the venue.' *Broxton* v. *State,* 24 *Ga. App.* 31 (1) (90 S. E. 635), and cases cited." *Wilson* v. *State,* 28 *Ga. App.* 574 (112 S. E. 295).

2.  " 'Where an application is made, by one accused of crime, for a change of venue on the ground that an impartial jury can not be obtained, the law devolves on the trial judge the duty and responsibility of making an examination and informing himself of the truth of the averments in the application; and where after hearing evidence the trial court is satisfied that a fair and impartial jury may be had in the county where the crime is alleged to have been committed, this court will not reverse his judgment refusing to change the venue, unless it is made to appear that there has been an abuse of discretion.' *Coleman* v. *State,* 141 *Ga.* 737 (2 S. E. 227); *Best* v. *State,* 26 *Ga. App.* 671 (1) (107 S. E. 266)." *Wilson* v. *State,* supra.

3.  The plaintiffs in error in the instant case were indicted in Putnam county for murder, and moved for a change of venue on the grounds that they could not get a fair and impartial trial in that county, and that if brought to trial therein there would be a probability or danger of their being lynched, or an attempt made to commit other violence upon them. Upon the hearing of the motion the great preponderance of the evidence adduced (as frankly admitted by counsel for the movants) was to the effect that the plaintiffs in error could obtain a fair and impartial trial in Putnam county, and that, if tried in that county, there was no probability or danger of their being lynched or of other violence attempted to be committed upon them, even if they should be acquitted by the jury. It follows that under the foregoing rulings the presiding judge was amply authorized, from the evidence introduced to determine that the movants could obtain a fair and impartial trial in Putnam county, and that there was no probability or danger of their being lynched or of other violence being attempted upon them, if tried there, even if they should be acquitted of the charge against them. The denial of the motion was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 27, 1925.

Indictment for murder; motion to change venue; from Putnam superior court—Judge Park. March 16, 1925.

*Allen & Pottle, Branch & Howard,* for plaintiffs in error.

*Joseph B. Duke, solicitor-general,* contra.