20670. GRENOBLE *v.* THE STATE.

DECIDED JULY 16, 1930.

*Leon S. Tomlinson, R. Lee Moore,* for plaintiff in error.
*W. G. Neville, solicitor-general,* contra.

BLOODWORTH, J. The 2d and 3d subdivisions of the opinion in the case of *Rawlings* v. *State,* 33 *Ga. App.* 826 (127 S. E. 881), are as follows: "'Where an application is made by one accused of crime, for a change of venue on the ground that an impartial jury

can not be obtained, the law devolves on the trial judge the duty and responsibility of making an examination and informing himself of the truth of the averments in the application; and where after hearing evidence the trial court is satisfied that a fair and impartial jury may be had in the county where the crime is alleged to have been committed, this court will not reverse his judgment refusing to change the venue, unless it is made to appear that there has been an abuse of discretion.' *Coleman* v. *State,* 141 *Ga.* 737 (2 S. E. 227); *Best* v. *State,* 26 *Ga. App.* 671 (1) (107 S. E. 266). *Wilson* v. *State,* 28 *Ga. App.* 574 (112 S. E. 295. . . 'While it is mandatory upon the judge to whom a petition for a change of venue is presented in behalf of a defendant in a criminal case, under the act approved August 21, 1911 (Acts of 1911, p. 76), to change the venue if the evidence submitted should reasonably show that there is a "probability of danger of lynching or other violence," it is primarily a question for the judge upon the hearing of such petition to determine from the evidence whether or not such probability or danger of lynching or other violence exists; and where the evidence upon such issue conflicts, the judgment denying the defendant's motion to change the venue will not be reversed, unless manifestly erroneous. Where evidence fails to reasonably show the probability or danger of lynching or other violence, it is not error on the part of the judge to refuse to change the venue.' *Broxton* v. *State,* 24 *Ga. App.* 31 (1) (99 S. E. 635), and cases cited." The principles announced above are controlling in this case, and the judge did not err in overruling the motion for a change of venue. See also *Coggeshall* v. *State,* 33 *Ga. App.* 613 (127 S. E. 302).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*