## HUMPHREY v. THE STATE.

No. 9169. September 13, 1932.

R. H. Humphrey, for plaintiff in error.

Lawrence S. Camp, attorney-general, W. G. Neville, solicitor-general, and T. R. Gress, assistant attorney-general, contra.

Bell, J. On May 5, 1932, Davis Humphrey was adjudged a lunatic by a commission appointed by the ordinary of Jenkins County. He was thereafter, during the May term, 1932, of the superior court of the same county, indicted for the offense of murder, the indictment alleging that the homicide was committed during the preceding April. When arraigned upon this indictment, the defendant filed a plea in bar, based upon the adjudication of the lunacy commission and his detention in custody thereunder. This plea was stricken for insufficiency, on motion of the solicitor-general. Whereupon the defendant sued out a bill of exceptions and brought the case to this court.

Under the constitution, the Supreme Court has jurisdiction of criminal cases only in the event of "conviction of a capital felony." The defendant here has not been convicted or even tried for the offense charged in the indictment. If the case should be classed as a criminal case (but see Wilburn v. State, 140 Ga. 138, 78 S. E. 819), it is not a criminal case of which the Supreme Court has jurisdiction, because the plaintiff in error has not been convicted of a capital

felony. On the other hand, if the case as outlined above should be classed as a civil case, it still does not fall within the jurisdiction of the Supreme Court, because it does not belong to any class of civil cases jurisdiction of which is vested by the constitution in this court. It follows that jurisdiction of this case is not in the Supreme Court, but is in the Court of Appeals. Park's Code Supp. 1922, §§ 6502, 6506, Ga. L. 1916, p. 19, §§ 1, 2. The case is similar to one arising on a motion to change the venue after an indictment for a capital felony, where the motion was based on the act of 1911 (Park's Penal Code (1914), § 964, Ga. L. 1911, p. 74). Since the adoption of the constitutional amendment of 1916 relating to the jurisdiction of these two courts, the jurisdiction of all venue cases of this class has been vested in the Court of Appeals, and not the Supreme Court, provided no constitutional question was raised in the lower court. *Scoggins* v. *State,* 24 *Ga. App.* 677 (2) (102 S. E. 39); *Ruffin* v. *State,* 151 *Ga.* 743, 745 (108 S. E. 29, 30); *Wilson* v. *State,* 173 *Ga.* 275 (160 S. E. 319). Such has been the practice since the adoption of the amendment referred to. *Butler* v. *State,* 26 *Ga. App.* 435 (106 S. E. 744); *Balkman* v. *State,* 28 *Ga. App.* 39 (109 S. E. 925); *Ruffin* v. *State,* 28 *Ga. App.* 40 (110 S. E. 311); *Wilson* v. *State,* 28 *Ga. App.* 574 (112 S. E. 295); *Coggeshall* v. *State,* 33 *Ga. App.* 613 (126 S. E. 568). We conclude that the case should be transferred to the Court of Appeals; and it is so ordered.

*Transferred to the Court of Appeals. All the Justices concur.*