### 29877. REEVES *v.* THE STATE.

BROYLES, C. J. 1. On the hearing of a motion to change the venue, where the evidence adduced shows the probability or danger of the lynching of the movant, or of other violence being done to him if he is tried in the county where his alleged crime was committed, it is mandatory upon the judge to change the venue; but where the evidence is con-

flicting on the issue as to such probability or danger, the finding of the judge thereon is final and controlling, unless manifestly erroneous. *Wilburn* v. *State*, 140 *Ga.* 138, 141 (78 S. E. 819); *Loyd* v. *State*, 25 *Ga. App.* 33 (102 S. E. 378); *Barbee* v. *State*, 43 *Ga. App.* 577 (159 S. E. 745); *Johns* v. *State*, 47 *Ga. App.* 58 (169 S. E. 688).

2. The movant in this case was indicted for the offense of murder. He filed a petition for a change of the venue. His motion was based on two grounds: (1) That he could not obtain an impartial jury if he were tried in Calhoun County (the county where the alleged crime was committed). (2) That there was danger of his being lynched, or other violence being committed on him if he were brought back for trial in that county. The State filed a traverse to the allegations of the petition. On the hearing of the motion the proof submitted on the issues involved was conflicting; but the great preponderance of the evidence authorized the judge to find that there was no proba- bility or danger of the movant being lynched, or of other violence be- ing perpetrated on his person if he were tried in Calhoun County. The ground alleging that the movant could not obtain an impartial jury in that county is expressly abandoned in the brief of his counsel. The court did not err in refusing to change the venue.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

DECIDED OCTOBER 30, 1942.

J. M. *Cowart,* for plaintiff in error.
*Maston O'Neal, solicitor-general,* contra.

