## 30978. MORAKIS *v.* THE STATE.

DECIDED SEPTEMBER 8, 1945.

*Sidney H. Baynes,* for plaintiff in error.
*C. S. Baldwin Jr., solicitor-general,* contra.

BROYLES, C. J.  At the June term 1945, of Morgan superior court, Nick Morakis filed a timely motion for a change of venue and alleged therein that on June 4, 1945, he was indicted for the murder of Fred Adams, "death being caused by a wound inflicted by a pistol on May 26, 1945, at the hands of the defendant;" that on the date of the indictment the case was set for trial on June 25, 1945; that "the defendant moves for a change of venue on the ground that there is probability or danger. of lynching, or other violence being attempted to be committed on said defendant if he is allowed to remain and be tried in Morgan County, Georgia, where the crime is alleged to have been committed." The solicitor-general filed an answer, denying that there was "danger of violence or lynching to the defendant if tried in Morgan County." Upon the hearing of the motion and after the introduction of evidence by the defendant and the State, the motion was overruled, and that judgment is assigned as error.

The motion was drawn under the provisions of the Code, § 27-1201. That section provides that upon the hearing of such a motion, "if the evidence submitted shall reasonably show that there is probability or danger of lynching, or other violence, then it shall be mandatory on said judge to change the venue to such county as, in his judgment, will avoid such lynching." But it is well settled by repeated decisions of the Supreme Court and this court that, while it is mandatory upon the judge, under the above-cited Code section, to change the venue if the evidence should reasonably

show a probability or danger of lynching or other violence, "it is primarily a question for the judge upon the hearing of such petition to determine from the evidence whether or not such probability or danger of lynching or other violence exists; and where the evidence upon such issue conflicts, the judgment . . denying the defendant's motion to change the venue will not be reversed, unless manifestly erroneous. Where the evidence fails to reasonably show the probability or danger of lynching or other violence, it is not error on the part of the judge to refuse to change the venue." *Broxton* v. *State*, 24 *Ga. App.* 31 (99 S. E. 635); *Rawlings* v. *State*, 33 *Ga. App.* 826 (127 S. E. 881); *Wilson* v. *State*, 28 *Ga. App.* 574 (112 S. E. 295); *Wilburn* v. *State*, 140 *Ga.* 138 (78 S. E. 819); *Shepherd* v. *State*, 141 *Ga.* 527 (81 S. E. 441); *Nix* v. *State*, 22 *Ga. App.* 136 (95 S. E. 534); *Grenoble* v. *State*, 41 *Ga. App.* 663 (154 S. E. 304).

In the instant case the evidence, while conflicting, amply authorized the trial judge to find that it failed to reasonably show that the defendant was in danger of being lynched or of having other violence committed upon him if he were tried in Morgan County.

The cases cited in behalf of the accused are distinguished from this case by their particular facts.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*