### 31873, 31874.   HARTLEY *v*. THE STATE (two cases).

GARDNER, J.  Buford Hartley was indicted by the Grand Jury of Laurens County, Georgia, on October 27, 1947, on two charges of murder. He was accused in one indictment of the murder of Mrs. Carolyn Fordham Newmans, and at the same time and place in another indictment of the murder of Richard Western Howell, by shooting them with a pistol. When the indictment for the alleged murder of Mrs. Carolyn Fordham Newmans was called for trial at the October term of court, the defendant filed a petition in proper form for a change of venue in both indictments, as provided in the Code, § 27-1201. The defendant introduced his verified petition for a change of venue. He alleged therein substantially that he could not obtain a fair trial in Laurens County; that at the time the case was called for trial and since the homicide there had been much publicity and propaganda against him for the alleged murder; and that, in the event he was acquitted or was convicted of an offense less than a capital offense, he would be subjected to mob violence and would not be secure in his person or his life. He introduced no evidence other than the verified petition for a change of venue. The State traversed this petition, and introduced testimony of the sheriff, the deputy sheriff, and a clerk of the superior court who had been serving for thirty years, as well as other evidence to the effect that the allegations of the defendant's petition were not true. The evidence for the State went to the extent of establishing on the whole that there was equally as much sympathy for the defendant as there was hostility against him, and that there was no excitement, no inflamed public opinion, and that there had been no effort at any mob violence. In brief, the court was authorized to conclude that the allegations of the petition were not well founded. On the whole evidence submitted, there appears no reasonable probability or danger of lynching or other violence and no reason why the defendant could not obtain a fair and impartial trial in Laurens County. Certainly, under the record there was no abuse of discretion in overruling the petition for a change of venue. It is well established that, before this court is authorized to reverse the judgment of the lower court in a proceeding to change venue, it must appear that such discretion was abused. See the numerous citations under the Code section above mentioned under the catchword "Discretion."

It is agreed by counsel for the defendant and the State that the issues in the two cases are identical, and that they shall be governed by the same opinion. Therefore we have grouped them thus.

The court did not err in overruling the petition for a change of venue in either of the cases.

*Judgments affirmed.   MacIntyre, P. J., and Townsend, J., concur.*

DECIDED JANUARY 14, 1947.

*R. I. Stephens*, for plaintiff in error.
*W. W. Larsen Jr., Solicitor-General*, contra.