33871, 33872. Spires *v.* The State (two cases).

MacIntyre, P. J. 1. The exceptions to the overruling of the petitions for a change of venue based upon the ground that the accused cannot obtain a fair and impartial jury in Ben Hill County cannot be considered at this time as there has been no trial of the accused or final judgment therein. While the denial of a petition for change of venue, based upon such ground, is ground for exceptions pendente lite, it is no ground for a direct bill of exceptions. *English* v. *State,* 82 *Ga. App.* 351 (1) (61 S. E. 2d, 152), and citations.

2. " 'While it is mandatory upon the judge to whom a petition for a change of venue is presented in behalf of a defendant in a criminal case, under the act approved August 21, 1911 (Acts of 1911, p. 76), to change the venue if the evidence submitted should reasonably show that there is a "probability or danger of lynching or other violence," it is primarily a question for the judge, upon the hearing of such petition, to determine from the evidence whether or not such probability or danger of lynching or other violence exists; and where the evidence upon such issue conflicts, the judgment denying the defendant's motion to change the venue will not be reversed, unless manifestly erroneous. Where the evidence fails to reasonably show the probability or danger of lynching or other violence, it is not error on the part of the judge to refuse to change the venue.' *Broxton* v. *State,* 24 *Ga. App.* 31 (1) (99 S. E. 635), and cases cited." *Wilson* v. *State,* 28 *Ga. App.* 574 (112 S. E. 295).

2. In the instant cases the verified petitions for change of venue were introduced in evidence and the State made its counter-showing. The petitions dealt entirely with the danger of lynching and probability of violence to the accused prior to his arrest; the State's evidence was to the effect that at the time of the trial and regardless of the outcome of the trial there was no danger of lynching or probability of other violence to the accused, and the trial court did not err in denying the petitions for change of venue.

Judgments affirmed. *Gardner and Townsend, JJ., concur.*

Decided January 17, 1952.

*Lester F. Watson, A. Russell Ross,* for plaintiff in error.

*Harvey L. Jay, Solicitor-General, McDonald & McDonald,* contra.

On October 8, 1951, in the Superior Court of Ben Hill County, two indictments were returned against Allen Spires for the murder of J. V. Griner and J. H. Smith on August 26, 1951. When the two cases were sounded for trial on October 15, 1951, the accused made a motion in each case for a change of venue, and by agreement the two motions were consolidated and heard together. After the introduction of evidence the trial court overruled both motions and the accused comes to this court on appeal by two separate bills of exceptions.