39857, 39858.   LEDFORD v. THE STATE (two cases).
39859.   COKER v. THE STATE.
39860.   HALL v. THE STATE.

Decided January 22, 1963.

*Irwin R. Kimzey,* for plaintiffs in error.

*Ben F. Carr, Solicitor General, Jeff C. Wayne, Solicitor General,* (from Northeast Circuit), contra.

FRANKUM, Judge. ■ Each motion for a change of venue in these cases was based upon two grounds: (1) danger of mob violence against movant, and (2) inability of obtaining an impartial jury in the county where the crime was alleged to have been committed.

As to the first contention the rule is that if the evidence in support of the motion shows a reasonable probability of mob violence being committed against a defendant in the county where the crime was allegedly committed, it is mandatory for the presiding judge to grant the motion. *Kennedy v. State,* 141 Ga. 314 (80 SE 1012); *Graham v. State,* 141 Ga. 812 (82 SE 282); *Coggeshall v. State,* 33 Ga. App. 613 (126 SE 568); *Avery v. State,* 83 Ga. App. 700 (64 SE2d 589); *Frazier v. State,* 81 Ga. App. 840, supra. But the evidence must show such probability, and when the evidence is conflicting, the judge's decision denying the change of venue on this ground will not be reversed unless manifestly erroneous. *Broxton v. State,* 24 Ga. App. 31 (1) (99 SE 635); *Goumas v. State,* 44 Ga. App. 210 (160 SE 682); *Griffin v. State,* 59 Ga. App. 333 (1 SE2d 41); *Robinson v. State,* 86 Ga. App. 375 (5) (71 SE2d 677); *Code* § 27-1201.

On the other hand a motion for a change of venue based upon the ground that an impartial jury cannot be obtained in the county where the crime was allegedly committed is addressed to the sound discretion of the presiding judge and will not be disturbed unless an abuse of discretion is shown. *Coleman v. State,* 141 Ga. 737 (1) (82 SE 227); *Johns v. State,* 47 Ga. App. 58 (169 SE 688); *Golden v. State,* 47 Ga. App. 746 (171 SE 387); *Griffin v. State,* 59 Ga. App. 333, supra; *Code* § 27-1201.

The evidence in the cases sub judice fails to show that the presiding judge erred in overruling the motion on either ground. Only two witnesses were produced on behalf of movants. One

was Mrs. Connice Ledford, mother of Ronald Ledford and Donald Ledford, and the other was Mrs. Catherine Coker, mother of Clifford Coker. Mrs. Connice Ledford testified that she had heard persons say that the defendants should be hanged; that she feared for their lives; that she did not know any of the people who said these things except one whom she named; that there was a scaffold built outside the courthouse which she thought might be used as a hanging scaffold; and that the defendants had been removed from the jail of Towns County and placed in the jail in Hall County. Mrs. Catherine Coker testified that she had heard nothing concerning a danger of the defendants being lynched, but she had heard conversations that indicated that the defendants could not get a fair trial. Pictures were introduced showing a scaffold along the side of the courthouse reaching from the ground to the roof.

The State introduced evidence to show that the scaffold had been built next to the courthouse for the purpose of repairing the courthouse roof and that the defendants were removed from the Towns County jail because the sheriff did not have the facilities or personnel to care for them.

Several witnesses testified on behalf of the State that they had heard nothing to indicate that the defendants would be in any danger or that they could not obtain a fair and impartial jury in Towns County; that previously to this hearing the defendants had been returned to the county for a preliminary hearing without any threat of mob violence.

The person identified by the witness, Mrs. Connice Ledford, as saying the defendants were in danger of mob violence testified that he had never made such a statement to that effect.

Under the facts and circumstances of this case we are of the opinion that the trial judge was authorized to find that the evidence was insufficient to show a reasonable probability of mob violence against the defendants or any one of them.

We also hold that the presiding judge did not abuse his discretion in overruling the defendants' motion for a change of venue based upon the ground that a fair and impartial jury could not be found in the county where the crime was allegedly committed.

■ While *Code* § 27-1201 expressly authorizes a direct bill of exceptions from the overruling of a motion for a change of venue based upon the ground that there is a danger of mob violence being committed against a defendant, some question has arisen as to whether or not, at this stage of the case, this court may pass upon a second ground of such motion, viz., that a fair and impartial jury cannot be obtained in the county where the defendant was indicted. It is clear that when an "inability to obtain an impartial jury" is the sole basis of a motion for a change of venue, a direct bill of exceptions will not lie. *Anderson v. State*, 190 Ga. 455 (9 SE2d 642). Before the case of *English v. State*, 82 Ga. App. 351 (61 SE2d 152), this court, on several occasions, without passing upon the propriety of such decision, ruled upon both grounds of a motion for a change of venue such as in these cases when both were presented by a direct bill of exceptions. See *Coggeshall v. State*, 33 Ga. App. 613, supra; *Johns v. State*, 47 Ga. App. 58, supra; *Lucas v. State*, 74 Ga. App. 682 (41 SE2d 163); *Pinkston v. State*, 80 Ga. App. 268 (55 SE2d 877); *Reeves v. State*, 68 Ga. App. 226 (22 SE2d 622); *Mozley v. State*, 75 Ga. App. 636 (44 SE2d 171); *Hartley v. State*, 76 Ga. App. 390 (46 SE2d 71). Since the ruling of *English v. State*, 82 Ga. App. 351, supra, where both grounds were presented by a direct bill of exceptions, this court, in several cases, has refused to pass upon the validity of the ground of the motion for a change of venue which asserted that a fair and impartial jury could not be obtained in the county where the indictment was returned, even though such ground was a part of the motion for a change of venue based upon the ground that there was a danger of mob violence being committed against the defendant, and even though such ground had been ruled upon at the time the direct bill of exceptions was brought. See *Crane v. State*, 94 Ga. App. 63 (93 SE2d 667); *McGruder v. State*, 96 Ga. App. 874 (102 SE2d 54); *Spires v. State*, 85 Ga. App. 241 (68 SE2d 622); *Ferguson v. State*, 104 Ga. App. 215 (121 SE2d 338). We are of the opinion that these cases are in conflict with the clear import of *Code Ann.* § 6-701, as amended, which provides in part: "Where bill of exceptions is permissible, all judgments, rulings, or orders rendered in the

case which are assigned as error, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order excepted to was final, or was subject to review by some other express provision of law contained in this section or elsewhere." See also *Carmichael Tile Co. v. McClelland*, 213 Ga. 656 (2) (100 SE2d 902); *International Assn. of Machinists v. Street*, 215 Ga. 27, 38 (1) (108 SE2d 796), reversed on other grounds 367 U. S. 740 (81 SC 1784, 6 LE2d 1141); *Gaulding v. Gaulding*, 210 Ga. 638 (81 SE2d 830); *DuPree v. Babcock*, 100 Ga. App. 767 (1) (112 SE2d 415). Accordingly, any decision of this court which is contrary to the view herein expressed will not be followed by this court because we are bound by the plain mandate of the statute, and in the event of a conflict between a statute and a court decision, we are bound by the statute. *Huguley v. Huguley*, 204 Ga. 692 (51 SE2d 445); *Stein Steel &c. Co. v. Tate*, 94 Ga. App. 517 (95 SE2d 437).

We therefore hold, under the authority of *Code Ann.* § 6-701, that when the presiding judge has overruled a motion for a change of venue based upon two grounds—(1) that there is a danger of mob violence being committed against a defendant in a criminal case, and (2) that a fair and impartial jury cannot be obtained in the county where the crime was allegedly committed—a direct bill of exceptions will lie to present both grounds of the motion for a change of venue. Aliter, when the only ground of the motion is that a fair and impartial jury cannot be obtained in the county where the crime was allegedly committed.

*Judgment affirmed. Nichols, P. J., concurs. Jordan, J., concurs in the judgment only.*