## 47148. WATSON v. THE STATE.

HALL, Presiding Judge. Defendant appeals from the verdict and judgment in his special plea of insanity (unable to understand the nature of the proceedings against him or to assist counsel in the preparation of his defense).

1. While conflicting, the evidence supports the verdict.

2. The chief issue on this appeal is whether the trial court erred in refusing to admit into evidence an exemplified copy of a record from a court of Mississippi containing an order committing the defendant to a mental institution. Defendant contends that this order is an adjudication of lunacy which establishes a presumption of his insanity and places the burden of proof on the State. *Code* § 38-118; *Handspike v. State,* 203 Ga. 115 (45 SE2d 662). There are two flaws in this argument. First, defendant's counsel stated to the court that the document was *not* offered as an adjudication. Second, the document itself, which contains a finding by two physicians that the defendant is suffering from an undiagnosed mental disorder, appears to authorize commitment for the purpose of fully diagnosing and then treating defendant's mental condition. It does not adjudicate what that condition was. The court did not err in refusing to admit it for this purpose.

Defendant also contends, however, that it should have been admitted under the general Georgia rule favoring the admission of any relevant evidence. In a rather confusing colloquy, the court apparently offered to let the contents be read to the jury. Defendant's counsel then stated that it had already been "testified to" (sic) by one of the witnesses, but that he wanted the document itself to go in. The transcript shows that counsel had briefly described the nature of the document when he tendered it and that the witness merely testified that she had set in motion the commitment proceeding of which it was the record. The transcript also indicates that the colloquy concerning its admission was had in the presence of the

jury and that some of the contents were discussed again. Nevertheless, when seen and studied this four-page document produces a much stronger impression than the disjointed discussion of its contents would indicate. In view of the conflicting evidence in this case and the fact that the crimes for which defendant was to stand trial are capital, we cannot say the exclusion of this document was harmless—that it might not have tipped the scales for the jury. When the relevance of evidence is in doubt, it should be admitted, no matter how slight the probative value. *Patton v. Smith,* 119 Ga. App. 664 (168 SE2d 627); 11 Encyclopedia of Georgia Law 282, 284, §§ 27, 28; Green, Georgia Law of Evidence 152, § 61.

*Judgment reversed. Pannell and Quillian, JJ., concur.*

ARGUED MAY 3, 1972—DECIDED JUNE 8, 1972—

REHEARING DENIED JUNE 26, 1972—

*Frank K. Martin,* for appellant.

*E. Mullins Whisnant, District Attorney,* for appellee.