27153. WATSON v. THE STATE.
27435. THE STATE v. WATSON.

GUNTER, Justice. These two appeals come here by different routes. No. 27153 is an appeal from the trial court from

eight judgments of conviction of felonies including capital felonies.

No. 27435 comes here by writ of certiorari to the Court of Appeals of Georgia. As a part of the felony trial proceedings the appellant had filed his plea of insanity to the effect that he was unable to understand the nature of the proceedings against him or to assist his counsel in the preparation of his defense. *Code* §§ 27-1502 and 27-1504. The special plea of insanity was heard by a jury, and on February 9, 1971, the jury returned a verdict which said that the appellant was not insane. On March 10, 1971, the appellant entered an appeal to this court complaining that the verdict and judgment rendered in the sanity or insanity trial were erroneous. On February 24, 1972, this court transferred the appeal to the Court of Appeals for jurisdictional reasons. See *Humphrey v. State,* 175 Ga. 666 (165 SE 587) (1932).

On June 8, 1972, the Court of Appeals of Georgia reversed the judgment rendered in the sanity trial, and a motion for rehearing was denied by the Court of Appeals on June 26, 1972. See *Watson v. State,* 126 Ga. App. 554 (191 SE2d 347). The State then made application for the writ of certiorari, which it can do since the issue of sanity or insanity at time of trial is considered a civil proceeding. We granted certiorari because the main case (No. 27153) was then pending in this court, and this court does have jurisdiction of the main case on appeal. Since the determination of the appeal in No. 27435 will have a vital bearing on the determination of the appeal in No. 27153, we concluded that both appeals should be handled by this court in one opinion. That is the reason for granting the writ of certiorari in No. 27435.

Following the trial on the special plea of insanity on February 9, 1971, resulting in the jury finding that the appellant was mentally competent to stand trial, and following the filing of a notice of appeal therein on March 10, 1971, the appellant was then tried in the main case for the offenses charged. This trial was held on March 22, 23

and 24, 1971, verdicts of guilty were returned on March 24, 1971, and sentences were imposed on March 25, 1971. A notice of appeal was filed on March 31, 1971.

This accounts for the unusual situation of two appeals pending in the two appellate courts at one time.

1. We turn first to Case No. 27435 in which we granted the writ of certiorari. The decision appealed from was not a final judgment and was not subject to direct appeal without the certificate of the trial judge. *Code Ann.* § 6-701. The special plea of insanity as provided for in *Code* § 27-1502 was ancillary to the main case, the trial for the offenses charged in the indictments. After an adverse jury verdict on the special plea, the party indicted cannot appeal without the certificate of the trial judge allowing the appeal. If the trial judge grants the certificate for appeal, then the State cannot proceed with the main case until that appeal has been finally determined. If the trial judge refuses the certificate for appeal, then the State can proceed with the main case, and any alleged errors occurring in the special plea trial can then be asserted in the appeal of the main case. In *Spell v. State*, 225 Ga. 705 (171 SE2d 285) (1969), this court held that after a special plea of insanity has been decided by a jury adversely to the party indicted, it is not error for the trial judge to proceed with the trial of the main case. *Spell* also held that an indicted party has no right to direct review from a finding against his special plea of insanity without a certificate of the trial judge as required by the Appellate Practice Act.

In this case a certificate of immediate review was not granted, and the trial court proceeded with the trial of the main case. This was entirely proper. The Court of Appeals committed error in accepting the appeal without a certificate of immediate review, and for that reason the judgment of the Court of Appeals must be reversed.

2. We now turn to the appeal in the main case, No. 27153.

One of the errors enumerated in this appeal has to do with the exclusion from evidence of the same documents excluded in the other appeal, the Court of Appeals there

holding that such exclusion constituted harmful error so as to require a reversal. In the main case the district attorney objected to the introduction of the documents on the ground that they were not properly authenticated and that they had no probative value.

In the case decided by the Court of Appeals (No. 27435) the documents were offered in evidence as having some bearing on the appellant's mental incapacity at the time of the trial. In the main case (No. 27153) the documents were offered in evidence as having some bearing on the appellant's mental incapacity at the time of the commission of the offenses with which he was charged.

We have carefully examined these documents from the Chancery Court of Adams County, Mississippi. These documents have to do with the appellant's mental condition in the State of Mississippi in 1967. The offenses with which the appellant was charged were committed in 1970. The trials were conducted in 1971. The excluded documents contain a finding by two physicians that the appellant was suffering in 1967 from an undiagnosed mental disorder, and the documents authorized the appellant's commitment for the purpose of fully diagnosing and then treating the appellant's mental condition. These documents did not adjudicate that the appellant was insane or even that he was mentally incompetent.

We have examined the transcripts in both cases on this point, and we conclude that the exclusion of these documents was not error; and even if we conceded that their exclusion from evidence was erroneous, we are convinced that such exclusion in either or both cases was not harmful error so as to require a reversal. The appellant's sister testified about his mental condition and capacity, and her testimony on this subject was, in our opinion, of more probative value that the excluded documents.

Juries in both cases determined that the appellant was mentally competent to stand trial at the time of the trial and that he was mentally responsible for the offenses with which he was charged.

Having read these transcripts in both cases we are convinced that the appellant, even if he is actually mentally deficient in some respects, is dangerous and a danger to society, and his sentences of confinement by the State so as to protect society should not be reversed.

Another enumerated error in the main case complains of the imposition of the death penalty following the appellant's conviction of murder. This sentence was imposed prior to the decisions of the Supreme Court of the United States in the "capital punishment cases" decided by the court in June of 1972. In the light of those decisions by that court the imposition of the death penalty, under present Georgia statutes, is unconstitutional. Direction must therefore be given that the next highest permissible sentence, a life sentence, be substituted for the death penalty following the appellant's conviction of murder.

Numerous other errors are alleged to have been committed in the main case in the trial court. It will have to be sufficient here to say that we have carefully examined these alleged errors, and we find none of them to be of sufficient merit to warrant a reversal of the judgments entered in the trial court.

The judgments entered in the trial court in No. 27153 are affirmed with the exception of the sentence imposed following the conviction for murder. Direction is given to the trial court to vacate the sentence imposing the death penalty and to substitute in its place a judgment sentencing the appellant to be imprisoned for the balance of his life. Direction is also given that the appellant and his counsel of record be served with a copy of the substituted life sentence within five (5) days from the date of entry.

*Judgment in No. 27435 reversed; judgments in No. 27153 affirmed with direction. All the Justices concur.*

ARGUED MAY 9, 1972 (CASE NO. 27153) AND NOVEMBER 13, 1972 (CASE NO. 27435)—DECIDED DECEMBER 4, 1972.

792

*Frank K. Martin,* for appellant. (Case No. 27153).

*E. Mullins Whisnant, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Richard S. Gault, Assistant Attorneys General,* for appellee.

*E. Mullins Whisnant, District Attorney, Charles T. Shean,* for appellant. (Case No. 27435).

*Frank K. Martin,* for appellee.