## 30830. BANKS v. THE STATE.

JORDAN, Justice.

The defendant, Jerry Banks, was charged with committing two offenses of murder on November 7, 1974; he was indicted by a grand jury of Henry County, Georgia on January 13, 1975, and following a trial by jury the death sentence was imposed on each count on January 31, 1975. On appeal to this court, the conviction was reversed. See *Banks v. State,* 235 Ga. 121 (218 SE2d 851) (1975). Following his new trial on November 17 and 18, 1975, the appellant was again convicted of both murders and again sentenced to death on each count. Appellant is again before this court on appeal and for mandatory review of the death sentence imposed.

The evidence presented by the state in the second trial was essentially the same as that presented at the first trial and summarized in *Banks v. State,* supra, except that appellant offered the testimony of Andrew Lake Eberhardt who corroborated the appellant's pre-trial statements to the extent that he had been flagged down by the appellant and asked to report to authorities that he had located two bodies in the woods. The appellant did not offer the testimony of Grace Slaughter concerning the appellant's whereabouts on the day of the offenses or the testimony of Perry Banks, his brother, that he had hunted in the area a week before the offenses and after the offense as he did in the first trial.

1. The appellant's first enumerated error is that the verdict and sentence are strongly against the weight of the evidence.

This constitutes the appellant's main attack on his conviction and sentence. After a thorough review of the evidence presented we are satisfied that though circumstantial in nature, the evidence presented was sufficient to justify a jury to find the appellant guilty of both offenses in accord with Code Ann. § 38-109.

In *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643) (1976) this court traced the development of Code Ann. § 38-109 and concluded that the correct rule for determining the sufficiency of the evidence in convictions based entirely on circumstantial evidence is that "where

the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict is unsupportable as a matter of law."

The jury that convicted Jerry Banks was charged as to the state's burden of proof beyond a reasonable doubt and was charged as to the reasonable hypothesis rule. We cannot say that the verdict is unsupportable as a matter of law.

Enumeration 1 is without merit.

2. The appellant next alleges it was error to force the appellant to trial on a capital felony without re-indictment and against his demand for indictment and to place the appellant in jeopardy of life and limb twice for the same offense.

Appellant filed a "Demand for Indictment" in the trial court on November 17, 1975, the day his second trial commenced.

In his brief the appellant cites the Fifth Amendment to the United States Constitution and *Taylor v. State,* 110 Ga. 150 (35 SE 161) (1900). The appellant gives no indication of how the 5th Amendment has been violated and the *Taylor* case concerned a subsequent trial on a separate indictment for a totally distinct offense. See *Taylor v. State,* 105 Ga. 846, 847 (33 SE 190) (1898). We find no violation of the appellant's rights in the record or transcript in the trial court and his new trial was not barred by Code Ann. § 26-507 inasmuch as it specifically provides in part "(d) a prosecution is not barred within the meaning of this section . . . (2) if subsequent proceedings resulted in the invalidation, setting aside, reversing, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict." There was no such finding by this court in reversing the appellant's first trial.

These enumerations are likewise without merit.

3. In our sentence review we have considered the aggravating circumstances found by the jury and the evidence concerning the crimes introduced in court.

We have reviewed the sentences as required by Ga. L.

1973, p. 159 et seq. (Code Ann. § 27-2537 (c) (1-3)), as we did in *Coley v. State,* 231 Ga. 829 (204 SE2d 612) (1974), and in each subsequent case involving the death penalty under this statute. We conclude that the sentences of death imposed here were not imposed under the influence of passion, prejudice, or any other arbitrary factor.

On each count the jury found the following statutory aggravating circumstance: The offense of murder was outrageously and wantonly vile, horrible, and inhuman in that it involved torture to the victim or depravity of the mind on the part of the appellant in that the death was caused by two shotgun blasts. Code Ann. § 27-2534.1 (b) (7).

The evidence indicates that each victim was shot in the back while standing and then shot in the head as they fell to the ground by a single barrel shotgun, requiring time for the reloading after each shot, authorizing the jury's finding of torture to at least one of the victims as well as showing depravity of mind of the appellant. The evidence supports the jury's findings of the statutory aggravating circumstance on each count.

Code Ann. § 27-2537 requires the trial judge to submit a report in the form of a questionnaire prepared by this court. We note in this report that the appellant was convicted of murder in 1970 and sentenced to life imprisonment. Upon appeal this court reversed on the failure of the trial court to charge the law of voluntary manslaughter. *Banks v. State,* 227 Ga. 578 (182 SE2d 106) (1971). The appellant then entered a plea of man-slaughter and was sentenced accordingly. While this prior record would not support a finding of an aggravating circumstance under Code Ann. § 27-2534.1 (b) (1) (prior record of conviction for a capital felony), it can be taken into consideration by this court under our sentence review which requires us to consider "both the crime and the defendant." Code Ann. § 27-2537 (c) (3).

We have compared the evidence and sentences in this case with similar cases contained in the appendix attached to this opinion. Jerry Banks' sentences to death are not excessive or disproportionate to the penalty imposed in similar cases considering both the crimes and the defendant.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs specially, Ingram and Hill, JJ., who concur in the affirmance of the judgment of conviction but dissent as to the sentence of death, and Gunter, J., who dissents.*

ARGUED MARCH 16, 1976 — DECIDED JULY 13, 1976.

*Hudson John Myers,* for appellant.

*Edward E. McGarity, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

APPENDIX.

Similar cases considered by the court: *Henderson v. State,* 227 Ga. 68 (179 SE2d 76) (1970); *Pass v. State,* 227 Ga. 730 (182 SE2d 779) (1971); *Watson v. State,* 229 Ga. 787 (194 SE2d 407) (1972); *Callahan v. State,* 229 Ga. 737 (194 SE2d 431) (1972); *Sirmans v. State,* 229 Ga. 743 (194 SE2d 476) (1972); *Scott v. State,* 230 Ga. 413 (197 SE2d 338) (1973); *Whitlock v. State,* 230 Ga. 700 (198 SE2d 865) (1973); *Kramer v. State,* 230 Ga. 855 (199 SE2d 805) (1973); *Bennett v. State,* 231 Ga. 458 (202 SE2d 99) (1973); *Howard v. State,* 231 Ga. 186 (200 SE2d 755) (1973); *Hunter v. State,* 231 Ga. 494 (202 SE2d 441) (1973); *Morgan v. State,* 231 Ga. 280 (201 SE2d 468) (1973); *House v. State,* 232 Ga. 140 (205 SE2d 217) (1974); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Chenault v. State,* 234 Ga. 216 (215 SE2d 223) (1975); *Smith v. State,* 236 Ga. 12 (222 SE2d 308) (1976); *Mason v. State,* 236 Ga. 46 (222 SE2d 339) (1976).

HALL, Justice, concurring specially.

A question has been raised as to the constitutionality of the sole aggravating circumstance found by the jury in the instant case: "The offense of murder . . . was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." Code Ann. § 27-

2534.1 (b) (7). Similar provisions are found in the Florida death statute[1] and in the Model Penal Code.[2]

The United States Supreme Court upheld the Florida statute based upon the interpretation given by the Florida Supreme Court: "That Court has recognized that while it is arguable 'that all killings are atrocious, . . . still we believe that the Legislature intended something especially heinous, atrocious, or cruel when it authorized the death penalty for first degree murder.' Tedder v. State, 322 So. 2d 908, 910 (1975). As a consequence, the Court has indicated that the . . . statutory provision is directed only at 'the conscienceless or pitiless crime which is unnecessarily torturous to the victim.' State v. Dixon, 283 So. 2d 1, 9 (1973). See also Alford v. State, 307 So.2d 433, 445 (1945); Halliwell v. State, 323 So.2d 557, 561 (1975). We cannot say that the provision, as so construed, provides inadequate guidance to those charged with the duty of recommending or imposing sentences in capital cases." Proffitt v. Florida, 44 USLW 5256, 5260 (U. S. July 2, 1976).

The same construction can be given the Georgia statute, and applying that test to the facts in this case (see majority opinion), these two murders were especially outrageous, wantonly vile, horrible, inhuman and manifested exceptional depravity in the manner in which they were executed. In my opinion, this Court has not given Code Ann. § 27-2534.1 (b) (7) an open-ended construction. Gregg v. Georgia, 44 USLW 5230, 5244, n. 52 (U. S. July 2, 1976); *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974). In the words of the Florida Supreme Court, "the meaning of such terms is a matter of common knowledge, so that an ordinary man would not have to guess at what was intended." State v. Dixon, supra, p. 9.

---

[1]Where the crime is "especially heinous, atrocious, or cruel . . ." Fla. Stat. Ann. § 921.141 (5)(b)(c) (Supp. 1976-77).

[2]"The murder was especially heinous, atrocious or cruel, manifesting exceptional depravity." Model Penal Code § 201.6(3)(b) (Proposed official draft. 1962).

GUNTER, Justice, dissenting.

I respectfully dissent from the imposition of the death penalty in this case for the reasons stated in my separate opinions in *Coley v. State,* 231 Ga. 829 (204 SE2d 612) (1974), and *Street v. State,* 237 Ga. 307 (1976).

HILL, Justice, dissenting.

I dissent from the imposition of the penalty of death in this case.

The Supreme Court of the United States has upheld the validity in general of Georgia's death penalty statute in murder cases. Gregg v. Georgia, 44 USLW 5230 (74-6257, decided July 2, 1976). This does not mean, however, that our duties under that statute are any less than they were before.

The sole aggravating circumstance found by the jury in this case was ground 7: "The offense of murder . . . was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." Code Ann. § 27-2534.1(b)(7).

In Gregg v. Georgia, supra, the court referred to this provision, saying (44 USLW 5244): "It is, of course, arguable that any murder involves depravity of mind or an aggravated battery. But this language need not be construed in this way, and there is no reason to assume that the Supreme Court of Georgia will adopt such an open-ended construction."

Florida has a comparable provision in its death statute. In Proffitt v. Florida, 44 USLW 5256 (75-5706, July 2, 1976), decided with Gregg, the court approved Florida's comparable provision only after noting that the Florida Supreme Court had given it a restrictive construction in State v. Dixon, 283 S. 2d 1 (1973). 44 USLW at 5260.

In Gregg v. Georgia, 44 USLW 5244, fn. 52, after saying that this court had not given ground 7 an open-ended construction, the Supreme Court cited Proffitt v. Florida and State v. Dixon, supra. As I read Gregg and Proffitt, the Supreme Court upheld our statute because we had not then adopted an open-ended construction of ground 7.

In my view, the majority in this case has now adopted an open-ended construction of ground 7 and has placed at least that ground of our statute in peril of being held invalid as being vague and overbroad and thus capable of capricious and unconstitutional application.

The majority cite 18 similar cases considered by the court as showing that this sentence of death was not excessive or disproportionate to the penalty imposed in similar cases. The only case out of the 18 cited in which the death penalty was imposed based solely (as here) on ground 7 was *House v. State,* 232 Ga. 140 (205 SE2d 217) (1974), cert. denied, 44 USLW 3762. In *House,* the defendant was found guilty of strangling two seven-year-old boys to death after committing rape (anal sodomy) upon them.

In only one other case decided by this court has the death penalty been approved based solely on ground 7. That was *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974). In Gregg v. Georgia, supra, in observing that we have not given ground 7 an open-ended construction, the Supreme Court pointed out that *McCorquodale* was a horrifying torture-murder. 44 USLW 5244. It was. McCorquodale beat, whipped, burned, bit and cut his bound victim, put salt on her wounds, and sexually abused her prior to murdering her by strangulation.

In the case at bar, we could have followed the Florida example of giving our ground 7 a restricted construction, particularly since we cannot point to any similar case where the jury imposed the death penalty based solely on ground 7 other than the horrifying torture-murder in *McCorquodale* and the child rape and strangulation in *House.*

I would save ground 7 for cases in which torture, depravity of mind or aggravated battery are, as the statute says, outrageously or wantonly vile, horrible or inhuman. I would not impose the death penalty in this case where ground 7 is the only ground approved by the jury and the evidence as to it does not rise to the level of torture, depravity, outrageousness or wantonness required by our statute and the Constitution.

On the other hand, in double murder cases such as this, I could approve one death penalty under ground 2 of

our statute, Code Ann. § 27-2534.1(b)(2) ("The offense of murder . . . was committed while the offender was engaged in the commission of another capital felony . . ."; to wit: the other murder). However, the jury did not place the burden of this death penalty upon ground 2, the evidence does not support ground 7, and I therefore must dissent for the reasons stated above.

I am authorized to state that Justice Ingram joins in this dissent.